# JANUARY 11, 1939

DOC ASTON V. THE STATE.

No. 19883.  Delivered November 9, 1938.

Rehearing Denied January 11, 1939.

The opinion states the case.

*Justice & Justice,* of Athens, for appellant.

*Lewis Orsborn,* County Attorney, of Canton, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is accomplice to an assault with intent to murder; punishment, confinement in the penitentiary for five years.

The indictment embraces several counts or paragraphs, the first of which charges that Leonard Bullock assaulted Jack Brady with intent to murder him. The third count or paragraph charges that appellant was an accomplice as to the offense charged against Bullock. We quote same, as follows: "And the grand jurors aforesaid, upon their oaths aforesaid, present in said court, that Doc Aston, on or about the 1st day of October, A. D. 1937, prior to the commission of the said offense by the said Leonard D. Bullock as aforesaid, in the county and state aforesaid, did unlawfully and willfully advise, command and encourage the said Leonard D. Bullock to commit said offense; the said Doc Aston not being present at the commission of said offense by the said Leonard D. Bullock."

A valid indictment should charge the principal with the crime and the accomplice with the statutory acts constituting him an accomplice. Michot v. State, 36 S. W. (2d) 171. We disclaim any intention of holding the indictment insufficient, but that only in the first count or paragraph of the indictment was the principal charged with the offense of assault with intent to murder. This count or paragraph was withdrawn from the consideration of the jury. In the charge the court expressly advised the jury that only the third count was submitted, and stated to them that the first, second, fourth, fifth and sixth counts were withdrawn from consideration. The withdrawal took from the jury the essential paragraph charging the principal with the crime. Hence it would seem that the jury had before them no sufficient pleading upon which to predicate a verdict finding the appellant guilty as an accomplice.

In his charge the court failed to instruct the jury that they must believe beyond a reasonable doubt that the principal was guilty. It appears that the principal had theretofore been convicted of the offense of assault with intent to murder. The charge of the court merely required the jury to find that he had been convicted of such offense. To warrant a conviction of the accomplice the guilt of the principal must be shown. Gibson v. State, 110 S. W. 41. Stated in another way, to authorize a conviction of one as an accomplice "the state must prove the commission of the offense by the principal to the same certainty as if the principal were on trial, and therefore beyond a reasonable doubt." 12 Tex. Jur. 358; Crook v. State, 11 S. W. 444; Arnold v. State, 9 Tex. Cr. R. 435; Richards v. State, 110 S. W. 432; Gibson v. State, supra. The accomplice may con-

test the guilt of the alleged principal. McKinley v. State, 282 S. W. 600. The fact that the principal had been convicted would not have prevented the appellant from seeking to show that he (the principal) was not guilty. It follows that the charge of the court was erroneous.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After a review of the record in the light of the State's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.