## FRED THOMAS LEATH V. STATE

No. 33,038.   April 12, 1961
Motion for Rehearing Overruled May 31, 1961

WOODLEY, Presiding Judge, absent.

*Jack Love* and *Joe Shannon,* Fort Worth, for appellant.

*Doug Crouch,* Criminal District Attorney, *A. J. Bryan, Spencer Shropshire* and *Gerald Weatherly,* Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, death.

The testimony of the state shows that as two police officers approached the closed door of appellant's apartment about 8 P.M., March 24, 1959, he opened the door, motioned for them to enter, said "I just shot somebody," and pointed to a pistol on the bed which they found to contain two live cartridges; four empty cartridges were found in the room. Upon entering the apartment they saw the deceased, Charles Edward Henry, age 15, lying on the floor at the foot of the bed. He had been shot four times—in the back of the head, in the left shoulder, the left side, and in the stomach, was unconscious, and died in a short time. The appellant and the deceased were alone in the apartment.

The evidence shows that the appellant was 38 years of age, an ex-convict, and a homosexual. His written statement, which was introduced in evidence, shows that, prior to March 24, he learned from the officers that the deceased had told them every secret he had told the deceased including that he was an ex-convict. The statement further recites that he remembered getting the gun and shooting.

The appellant did not testify and relied on insanity as his main defense although the court in the charge also submitted the issue of self defense.

The appellant and the state both offered expert and lay testimony on the issue of appellant's insanity and sanity.

The jury resolved the issues against the appellant and the evidence is sufficient to support their verdict.

Appellant contends that the trial court erred in admitting in evidence the details of another offense over his objection that

the details were of an extraneous offense for which he was not on trial.

There is evidence, without objection, that the appellant had been recently released from the penitentiary, was an ex-convict, and a homosexual. On cross-examination of appellant's brother, appellant objected to the state's question as to whether the witness knew that the appellant had previously shot a 15 year old boy, which was overruled, but the question was not answered and there was no motion to exclude the question or a request for an instruction that the jury not consider it. The next question was broadened to include whether the witness knew if the appellant had previously shot a boy in Dallas "over this homosexuality, as in this case," to which there was no objection. The witness answered, without objection, "I don't know what it was for. I knew he shot him." The court certified in the bill that evidence of appellant having served time in the penitentiary for a felony had been received before the introduction of the complained of testimony.

A further examination of the same witness shows the following:

Q. "In other words, * * * you would take a chance on a man that didn't know the difference in right and wrong who once shot a fifteen ———— boy, you would take a chance on him doing it again?

A. "I was in hopes after the boy— after he had been in trouble once I was in hopes he wouldn't do it again."

No objection was made to this question and answer.

It appears from the record that the details of the Dallas incident were before the jury without objection except that the appellant had been there charged with assault to murder. In view of all the evidence in the record, it is concluded that no reversible error is shown.

By Bill of Exception No. 1 it is insisted that error was committed in the opening argument by the state's attorney as follows:

"* * * The state's theory of this case is, and let us start with the date that the defendant, himself, admits that he met

this boy, November 17, 1958, and I say to you right there was when this boy was caught, you might say, by an individual who is no better than a blood sucking vampire. * * *."

To which the appellant objected because there was no evidence that he was a vampire or bloodsucking and it was inflammatory and prejudicial, which was overruled.

The appellant was 38 years of age and the deceased was 15 years old at the time of his death. According to the testimony of Officer Ball, appellant admitted that he was a homosexual and that while serving time " 'in the penitentiary they kept me in a well lighted cell so they would know what I was doing at all times.' " In his written statement appellant stated that he met the deceased November 17, 1958, and that they had been homosexual friends from then until his death. An officer testified that he told the appellant that the deceased's mother "was worried about something going on between them" and appellant promised "to leave him alone".

The argument, when considered in the light of the definition of a vampire as "one who lives by preying on others," particularly the young and healthy, and when weighed in connection with all the facts and circumstances in evidence—the unnatural relationship of the parties and the background and setting in which the killing occurred as shown by the evidence—does not call for a reversal. Webster's New International Dictionary, 2nd. Ed., The Encyclopedia Americana.

Bills of Exception Nos. 2, 3, 4, and 6 as grouped in appellant's brief, complain of the state's argument in alluding to appellant's failure to testify; of the failure of appellant to support his written statement wherein he told someone to call an ambulance; that the various acts of state's counsel were improper and that they sought to mislead the jury.

No objections to the above matters are shown in the bills of exception. Ordinarily, objections to the jury argument and the grounds therefor must be made at the time it occurred in order to be reviewed by this court. This rule has been applied in numerous cases in which a life sentence and the death penalty has been assessed. Brown v. State, 121 Tex. Cr. R. 528, 51 S.W. 2d 616; Doswell v. State, 158 Tex. Cr. R. 447, 256 S.W. 2d 416.

In Bill of Exception No. 7 it is contended that the state's at-

torney erred when he argued that several pictures were found in appellant's room, but only one is in evidence and then said "I don't blame them for not wanting you to see the rest of them."

The objection that it invited the consideration of evidence outside of the record was sustained by the court and the jury was instructed not to consider the statement. In this no error is presented.

The other contentions urged for reversal have been carefully considered and it is concluded that they do not show error.

The judgment is affirmed.

Opinion approved by the Court.