Willie James FRANKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 39790.

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

Tom Upchurch, Jr., Amarillo, (on appeal), for appellant.

B. G. Compton, Dist. Atty., Toby A. Priolo, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Judge.

The offense is burglary of a private residence at night; on a plea of guilty the jury assessed punishment at 15 years confinement in the Texas Department of Corrections.

Notice of appeal was given prior to January 1, 1966.

At about 12:15 a.m. on the morning of May 21, 1965, Annette Dove returned to her residence in Amarillo after attending classes at Canyon, Texas. She entered her home, turned on the light and realized that someone was in the other room. She began screaming and a man rushed toward her. After a brief scuffle Annette's sister was awakened by the noise and came into the room. The man immediately ran out the back door. A check of the residence revealed that a TV set, a purse, a radio, and some luggage were missing.

After he had been arrested Annette Dove positively identified the man who had been in her residence as Willie James Franklin, the appellant. Appellant signed a written statement admitting the guilt of the offense with which he was charged. While testifying in his own behalf he also judicially acknowledged the truth and correctness of the pertinent parts of his written statement.

Appellant's first contention is that the trial court reversibly erred in sustaining an objection to certain testimony and commenting on the same, in violation of Article 707, Vernon's Ann.C.C.P. The record is devoid of an objection to the comment of the court of which he now complains. No error is reflected. Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49.

Second, appellant contends that the trial court should have declared a mistrial when the state introduced as a witness one Fay Brooks. This contention is predicated on Article 714, Vernon's Ann.C.C.P., which renders incompetent the testimony of spouses where they testify against each other. There was contradictory evidence as to whether or not Fay Brooks was the common-law wife of the appellant. Appellant did not move for a mistrial at any time before or after the testimony of Fay Brooks, nor did he request that an issue on common-law marriage be submitted or complain that one was not given. When the trial court sustained the objection to the admissibility of Fay Brooks' testimony and admonished the jury to disregard it, appellant was then in the position of not having an adverse ruling as the trial court had fully responded to appellant's objection and request. Van Skike v. State, Tex.Cr. App., 388 S.W.2d 716; Matlock v. State, Tex.Cr.App., 373 S.W.2d 237; Baker v. State, Tex.Cr.App., 368 S.W.2d 627 and Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447. We find no merit in this contention.

We find the evidence sufficient to sustain the verdict.

Appellant's remaining contentions are not worthy of discussion and reflect no error.

The judgment is affirmed.