**Wilbert Eugene WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40285.**

Court of Criminal Appeals of Texas.

April 19, 1967.

Thomas K. Bamford (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., John Emmett, Joe K. Hendley and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Appellant was convicted for robbery with firearms and punishment was set by the jury at 35 years in the Department of Corrections.

The trial was held subsequent to January 1, 1966.

In his brief filed in the trial court, appellant contends that the evidence is insufficient to sustain the conviction.

Dick Smith, the complaining witness, testified that on the night of February 4, 1966, he was attending the service station which he owned in Dallas when two men, one carrying a shotgun, came into the station. He positively identified appellant as companion to the man carrying the shotgun. Appellant's companion raised the shotgun, pointed it at the complainant, and demanded his money. The complainant gave the money to appellant.

Complainant Smith told appellant's companion to point the shotgun away from his face and, since there was no response, shoved the gun aside. Appellant's companion then hit complainant in the face with the butt of the gun, breaking his nose. The complainant then took the gun from appellant's companion but appellant hit him on the head from behind approximately four or five times with a lug wrench. Appellant then beat the complainant with his fists, took money and a knife from complainant's pocket, and cut the complainant across the left temple with the knife. Appellant and his companion ran away after the complainant managed to run to the middle of the station driveway and call for help.

Appellant took the stand and testified that he was at another location on the night in question. No other witnesses testified in his behalf. He admitted having previously been convicted for burglary in August of 1963, for shoplifting in January of 1964, and for burglary in August of 1964.

The evidence is sufficient to sustain the conviction.

Appellant's remaining grounds of error relate to the court's rulings and remarks in connection with the introduction of evidence at the trial. He complains that the state's witness Dick Smith was permitted to testify: "He (appellant) gave me instructions after that to get in the restroom, but I knew they were going to kill me and there wasn't no use for me to go any further," and to testify "I got a good look at the gun because when he put it between my eyes I figured—the plateglass window was back of me and I could just see the top of my head going out the plateglass window."

He also complains that the court permitted the prosecuting attorney to make the statement "and we could get him down here"; and to use the term "bandits" in referring to appellant and his companion.

None of such rulings of the court complained of reflect error which would warrant reversal. In fact, the only rulings obtained from the court in regard to the matters complained of, other than those which appellant says were comments which compounded the error, were: "Just tell what happened," and "Just answer the question."

Proof that the complaining witness was put in fear of losing his life was relevant. The failure of the court to withdraw such testimony because it was not responsive to the question propounded was not so prejudicial as to call for reversal.

The court ruled: "Just describe that—recall the shotgun, not his head going through the back of the window there, or thought it was."

 The reference to the robbers as "bandits" was not reversible error. Leath v. State, 171 Tex.Cr.R. 209, 346 S.W.2d 346.

 The Statement of the District Attorney, "And we could get him down here," was made during the cross-examination of appellant. In answer to the question of whether he saw anybody in Dave's Cafe that he knew he said yes, a Mr. Tuck. He was then asked and answered:

"Q. Not a fellow by the name of M. Tuck, is it?

"A. No sir. * * *

"Q. Because he is a police officer.

"A. I know.

"Q. And we could get him down here."

Appellant's counsel objected "to the prosecutor testifying 'we could get him down here' " and the court, in overruling the objection, remarked: "Lawyers don't testify; they ask questions. Overruled."

Neither the question or the court's comment or both constituted error so prejudicial as to warrant reversal.

There was no objection to the court's remark and no motion for mistrial or motion for instruction to the jury to disregard it. Franklin v. State, Tex.Cr.App., 409 S.W.2d 422; Crawford v. State, Tex.Cr.App., 412 S.W.2d 57.

The judgment is affirmed.