**Raymond Lee BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43510.**

Court of Criminal Appeals of Texas.

March 10, 1971.

Shannon, Shannon & Leonard, Fort Worth, by Don Leonard, Fort Worth, of counsel, for appellant.

Frank Coffey, Dist. Atty., Truman Power, Jack Neal, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of robbery with firearms. The jury assessed punishment at 110 years confinement.

Moveline Riley testified that she was a cashier at Myers Department Store in Fort Worth. On March 22, 1968, a man, who she identified as the appellant, came to her check-out stand and produced a pistol and ordered her to put all the money from the register into a sack containing some shirts, which she did. The testimony further showed that a clerk in the store observed this and attempted to intervene, whereupon the appellant ordered the clerk to leave the store which he did because of the pistol. Once outside the store, the appellant ordered the clerk to turn to the left and the appellant disappeared.

The appellant raises three grounds of error. First, the failure of the trial court to replace appointed counsel "when both the attorney and the appellant notified the court of serious conflict and a lack of communication." Prior to the day of trial appellant, by letter, notified his counsel he was dissatisfied with his services. The court had no notice of this until the day of the trial. In Estrada v. State, Tex.Cr. App., 406 S.W.2d 448, Judge Woodley, speaking for the Court, wrote:

"An accused's right to select his own counsel, however, cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. United States v. Bentvena, 2 Cir., 319 F.2d 916, 936, and cases cited."

Had notice been given the court at an earlier date, there may have been other counsel appointed, however, the facts here present no error.

The second ground of error is in regard to the testimony of Officer Layton who arrested the appellant some three months after the robbery. On direct examination he testified as follows:

"DIRECT EXAMINATION BY
MR. NEAL:

"Q Will you state your name, please?

"A Officer W. S. Layton.

"Q Officer Layton, reflecting back to June 17th, 1968, did you have occa-

"sion to see this defendant, Raymond Lee Brown, sitting over here?

"A Yes, I did.

"Q Will you tell the jury where you saw him?

"A Yes, I saw him in the Twilight Lounge on East Berry Street.

"Q Is that area here in Fort Worth?

"A Yes, it is.

"Q And was there anyone with him?

"A Yes.

"Q Who was with him?

"A There was a female with him.

"Q Where was he when you saw him?

"A Sitting at a table.

"Q Was that in the Twilight Lounge there?

"A Yes sir.

"Q Was there anyone else sitting at the table?

"A Possibly a couple and this female that was with him.

"Q All right, Officer Layton, after you saw this defendant sitting there, what did you do?

"A I approached him, identified myself as a Police Officer, showed him my badge, told him he was under arrest.

"Q All right, sir, what did you tell him to do, if anything?

"A I told him to stand up, put his hands on the table and keep them in sight.

"Q After he did that, did you search the man?

"A I attempted to handcuff him. I handcuffed one hand and at this time a gun was stuck in my side.

"Q A gun was stuck in your side?

"A Yes sir.

"Q By whom?

"A The female.

"Q Do you know her name?

"A Yes, I do.

"Q What is her name?

"A Joy Lynn Brewer.

"Q Was she with this defendant?

"A Yes, she was.

"Q She was there at the table with this defendant?

"A Yes.

"Q Did she say anything to you?

"A Yes.

"Q What did she say?

"A She said, 'You're not taking him anywhere. I'll kill you if you do.'

"Q What did you do then, if anything?

"A Well, I let go of him and I stepped aside, and she pointed the gun at me.

"Mr. Johnson: Now, if the Court please, we are going to object to anything—any further testimony from this witness with reference to anything that happened on June the 17th, 1968, at the Twilight Lounge, for the reason this appears most remote from the time of the alleged commission of the offense, if there was any offense committed by the defendant. It sheds no light on the matter charged against the defendant in the indictment in which he is on trial. (At this time there is a whispered consultation at the bench between the Court and counsel for the State and defendant out of the hearing of the jury and Court Reporter.)

"Mr. Johnson: At this time then, we request the Court to strike the testimony of this witness so far offered in this case.

"The Court: I am going to overrule your objection.

"Mr. Johnson: Note our exception."

■ There was no objection made by appellant until all of the above testimony had been elicited and no reason shown why objection should not have been interposed. No reversible error is shown thereby. Brown v. State, Tex.Cr.App., 460 S.W.2d 925; 5 Tex.Jur.2d Sec. 39, p. 61.

■ Following this testimony, Layton testified unresponsively that he took "my partner to a hospital—he was shot." Upon objection and request the jury was instructed not to consider this testimony. No motion for mistrial was made. No reversible error is shown on this ground.

■ Appellant's third ground of error complains of the admission of the testimony of James Slaughter at the punishment stage of the trial. He testified that he had attended a police school for one week on fingerprint identification; further, he had been working in the fingerprint identification for over one year in the Sheriff's Department. He took the fingerprint of appellant and they were the same prints as those on another card. Appellant contends that he was not properly shown to be qualified as an expert. Assuming, which we do not, that Slaughter was not competent to testify, there is no error presented because Deputy Hitt testified to the same facts as Slaughter, no issue or complaint is made as to Hitt's testimony and Slaughter's is merely cumulative of Hitt. Leath v. State, 171 Tex.Cr.R. 209, 346 S.W.2d 346; Vasquez v. State, 371 S.W.2d 389; 5 Tex.Jur.2d 704, Sec. 446.

No reversible error being shown, the judgment is affirmed.