**Edward G. CAREW, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43937.**

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 20, 1971.

James W. Girardeau, of Zorn, Girardeau & Pfennig, Bayton, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Don Keith, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is that of being an accomplice to murder; the punishment, ten (10) years.

The indictment, omitting the formal parts alleged:

"Edward David Mullane, III, did with malice aforethought kill Thad Felton by shooting him with a gun and that Herbert G. Carew, on or about the second day of March, A.D., 1967, in said County and State, prior to the commission of the aforesaid offense by the said Edward David Mullane, III, in Harris County, Texas, did unlawfully and willfully encourage the said Edward David Mullane, III, to commit the said offense, the said Herbert G. Carew not being present at the time of the commission of the aforesaid offense by the said Edward David Mullane, III."

The Court's charge required the jury to find that the appellant advised, commanded or encouraged Mullane to kill Felton.

Mullane testified, that while he was in appellant's bar, appellant first approached him about the murder, telling him that he had a friend who wanted to get himself killed and who would pay $1000 to anyone who would do it. According to Mullane, appellant said he could not do the job himself because he was too close to the man and he asked Mullane and Wilbert Yates if they wanted to do it. They declined and Yates left the tavern. Later that afternoon, and on several other occasions, appellant again asked Mullane if he was interested, telling him that the man would have the $1000 in his pocket. Soon thereafter the appellant asked Mullane to be sure and come to appellant's tavern on a certain Saturday morning to meet the man to be killed. Mullane and Thad Felton came to the tavern that morning, appellant introduced them to one another, and left them alone in his office so that they could talk.

According to his testimony, Mullane then went to Homer King, and purchased from him what King represented to be a .32 caliber pistol. When Mullane tried to buy ammunition for the gun, he discovered that it was a .38 caliber pistol. At 4:00 that afternoon, Felton came into appellant's bar, talked to someone, then gave Mullane the "high sign." Mullane followed him, got into the Mustang that Felton was driving and the pair drove to a street by the Baytown Drive Inn Movie. Felton gave Mullane $900 in a money clip, and the parties changed places in the car. Mullane then shot Felton in the left side of the head with the pistol. He threw away the money clip, placed the gun in a hole in a wall near his apartment, and left the car in Houston. Mullane identified the gun he used, and pictures of the gun where he had hidden it, and of the money clip where he threw it, as well as a picture of the Mustang. He was arrested coming out of appellant's apartment.

Although we have been unable to find any legal precedent directly in point, we have concluded that the appellant did an act which brought about the commission of the crime when he introduced the killer to the intended victim. By this act, plus the information that he provided to Mullane and his repeated questions to Mullane, appellant encouraged the commission of the crime within the meaning of Art. 70, Vernon's Ann.P.C., the accomplice statute.

■ Appellant's first ground of error is that the evidence is insufficient to corroborate Mullane.

Yates reiterated the initial conversation between Mullane, Carew and himself.

Sharon Ruth Loving testified that she was driving in the vicinity of the murder at around 5:30 that day, and saw Mullane driving the Mustang. He was alone in the car.

Homer King testified that he sold Mullane a gun that looked like the one introduced into evidence and that, at the time he sold the gun, he thought it was a .32 caliber pistol.

Jim Limanack stated that he worked for Felton on the day that he was killed. He identified the money clip as being in Felton's possession on the day he was killed and stated that it contained $100 bills. Felton left his business in a Mustang on the day in question.

Dr. Joseph Jachimczyk, chief medical examiner for Harris County testified that the deceased died of two gunshot wounds to the left side of the head. He recovered a .38 caliber bullet from the head.

Bessie Sanders testified that she was a waitress at appellant's club and that she was at work on the evening of the murder. She saw Mullane and Felton in the bar at around 4:00. Mullane left shortly after Felton left. At around 8:00 Mullane came to the bar, and appellant arrived shortly thereafter. Appellant told the waitress that Felton was dead and she told him that he had come in that afternoon to see Mullane. At that point, appellant told her to "keep her mouth shut" about Mullane.

Officer Rex Fullerton testified that he found Felton's body, and that he took fingerprints from the Mustang. He stated that the prints inside the car matched those that he took from Mullane.

Officer T. J. Cliboski testified that he recovered the Mustang in Houston and that he found blood stains all over the inside of the car, particularly on the passenger side. He stated that he arrested Mullane the day after the murder, at Carew's apartment.

The above testimony was sufficient corroboration of Mullane's testimony. Compare Tucker v. State, Tex.Cr.App., 461 S. W.2d 630.

■ Appellant's second ground of error complains of a comment by the Court. No objection was made at the time the Court made the observation and, therefore, nothing is presented for review. Cook v. State, Tex.Cr.App., 388 S.W.2d 707, 710; Steese v. State, 170 Tex.Cr.R. 269, 340 S.W.2d 49, 52; Franklin v. State, Tex.Cr.App., 409 S.W.2d 422. Appellant appeared to be satisfied with the Court's comment because he said:

"That was all I wanted to clear, your Honor."

■ Appellant's third ground of error relates to hearsay admitted concerning a telephone conversation between Mullane and his girl friend, Doris. Practically the same hearsay had been elicited by the appellant in his cross-examination. Admission of improper evidence is not reversible error if the same facts are proven by other testimony not objected to. 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 446 (1959).

Finding no reversible error, the judgment is affirmed.

## OPINION OF APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

■ In his motion for rehearing, it is now contended that the indictment is insufficient because it does not directly allege that the appellant acted with malice aforethought.

Article 70, Vernon's Ann.P.C., under which the appellant was charged, provides, in part:

"An accomplice is one who is not present at the commission of an offense, but

who, before the act is done, advises, commands or encourages another to commit the offense * * *."

Reliance is had on Willson's Criminal Forms, 7th Ed., Section 2319, Note 3, where it is suggested that in a murder prosecution the words "voluntarily and of his malice aforethought" should be inserted after the words "unlawfully and wilfully" in that paragraph of the indictment alleging one to be an accomplice.

No case has been cited which holds that the failure to allege malice aforethought on the part of the accomplice in addition to that of the principal is fatal to the indictment.

In Aston v. State, 136 Tex.Cr.R. 12, 122 S.W.2d 1073, that part of the indictment alleging Aston to be an accomplice is as follows:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, present in said court, that Doc Aston, on or about the 1st day of October, A.D.1937, prior to the commission of the said offense by the said Leonard D. Bullock as aforesaid, in the county and state aforesaid, did unlawfully and wilfully advise, command and encourage the said Leonard D. Bullock to commit said offense; the said Doc Aston not being present at the commission of said offense by the said Leonard D. Bullock."

The indictment according to the papers on file in this Court shows that Bullock, the principal, was charged with assault with intent to murder with malice aforethought. In Aston, the Court stated, "A valid indictment should charge the principal with the crime and the accomplice with the statutory acts constituting him an accomplice." The Court reversed Aston on other grounds but stated, "We disclaim any intention of holding the indictment insufficient."

In the present case the indictment properly charged Mullane with murder with malice aforethought. It also charged the appellant with statutory acts constituting him an accomplice in that he did unlawfully and wilfully encourage Mullane to commit "said offense" (which refers to murder with malice aforethought) and that the offense was committed when the appellant was not present.

The malice was alleged to be in Mullane. The appellant encouraged Mullane and became an accomplice when the offense of murder with malice was completed.

We hold that the indictment is sufficient to charge appellant as an accomplice to the crime of murder with malice aforethought.

This cause was properly disposed of on the original submission.

The motion for rehearing is overruled.