In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00187-CR


______________________________




EFFRIN JERMON SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


Lamar County, Texas


Trial Court No. 21440




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Effrin Jermon Smith pled guilty in this case to a charge of possession with intent to deliver
a controlled substance, between four and 200 grams, in a drug-free zone, with a deadly weapon
finding. The case was tried to the court on punishment, resulting in a twenty-five-year sentence.

 On appeal, Smith contends we should reverse for a new punishment hearing because he did
not adequately waive his right to a jury trial on punishment. Counsel properly asserts that the United
States Constitution as interpreted by the United States Supreme Court requires an affirmative
intentional relinquishment of the right to a jury trial, and that Texas statutory law also requires the
right to a jury trial to be waived in writing. As to this case, counsel also appropriately admits that
Smith expressly waived his right to a jury trial by signing written admonishments providing such
waiver. 

 In this case, Smith signed an express waiver of his right to have a jury pass on his
guilt/innocence and his punishment. That meets the requirements of Article 26.14 of the Texas Code
of Criminal Procedure:

 Where a defendant in a case of felony persists in pleading guilty or in entering a plea
of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be
impaneled to assess the punishment and evidence may be heard to enable them to
decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07
shall have waived his right to trial by jury.


Tex. Code Crim. Proc. Ann. art. 26.14; see Scott v. State, 173 S.W.3d 856, 869 (Tex.
App.--Texarkana 2005, pet. granted).

 Article 37.07 provides that, if a finding of guilt is returned, the defendant may, with the
consent of the attorney for the State, change his or her election of one who assesses the punishment. 
Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (Vernon 2006). That article does not apply in this
instance.

 Article 1.13 provides that a defendant may, on entering a plea, waive the right of trial by
jury--in writing, in open court, with the consent and approval of the court and the attorney
representing the State. Tex. Code Crim. Proc. Ann. art 1.13 (Vernon 2005). That article is directly
applicable here.

 Smith waived, in writing, his right to trial by jury on guilt/innocence and his right to have a
jury assess his punishment. The omnibus document containing admonishments, waiver, application
for probation, and approval by the State and the trial court is part of the record. On its face, the
document reflects that Smith waived his right to a jury trial on punishment, meeting the requirements
of the Code.

 Because no error has been shown, we affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 26, 2007

Date Decided: April 17, 2007


Do Not Publish



 Instead,
Ms. Skinner and Ms. Griffis send the pleadings and file and the exhibits and Ms.
Skinner's transcript of what happened in this trial, up to Texarkana to three judges. 
They sit together and the three of them read the record and determine whether or not
I made an error in one of my rulings. They don't determine whether or not they agree
with the jury verdict. Nobody may agree with the jury verdict, but that is not what
they review. They review my rulings and cases are reversed when the three judges
up there think the court, the judge, made an incorrect ruling. So, Ms. Skinner has to
get everything that happens, including all my rulings, what I said, objections,
etcetera, during the course of the trial, and during jury selection. At the end of that
I will be asked to decide whether or not certain of you that indicated you knew
someone or knew something about the case, whether or not you could be impartial
jurors and that could be subject to review by the appellate court, so she has to get all
of that into the record. Because it is a part of the trial of this case.

 Wilson likens the trial court's comments to part of the trial court's charge to the jury, and
argues that the portion about reviewing a verdict on appeal is incorrect and constituted fundamental
error because it could have led the potential jurors to believe they could return an unfair verdict
and/or assess a disproportionate punishment, and their actions in doing so would be immune from
correction on appeal. We disagree with this argument for several reasons.

 The comments related above are not part of the court's charge to the jury. The trial court's
charge to the jury is copied in the record and appears to be without error. See Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon 2007). Wilson makes no attack on the correctness of the court's
charge. The comments of the trial court in question here were given as part of the preliminary
qualifying instructions to the venirepanel. The giving of admonitory instructions to the venirepanel
before trial is within the discretion of the trial court. York v. State, 566 S.W.2d 936, 938 (Tex. Crim.
App. [Panel Op.] 1978); Walker v. State, 440 S.W.2d 653, 658 (Tex. Crim. App. 1969). Comments
on the evidence or other remarks by the trial court constitute reversible error only if they are
reasonably calculated to benefit the State or prejudice the defendant's rights. Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979); Davis v. State, 651 S.W.2d 787, 789 (Tex. Crim. App. 1983). 
The remarks challenged by Wilson are not of that character.

 Wilson suggests that the jurors in this case may have been led by the trial court's preliminary
remarks to believe they were free to render an unfair verdict or punishment, even though not justified
by the facts, because their findings could not be overturned on appeal. For us to make that
assumption would be to engage in the rankest sort of speculation completely unwarranted by the
record. Wilson also suggests, because there was considerable mitigating evidence tending to show
it was totally uncharacteristic for him to commit such a cruel and unprovoked crime of killing his
sister in cold blood, the jurors probably assessed a disproportionate and excessive punishment
because they thought it could not be overturned on appeal. We find no evidence that the jurors were
motivated by such a corrupt purpose. Indeed, we presume the jurors obeyed the court's charge,
which required them to base their findings solely on the evidence and the law. See Tex. Code Crim.
Proc. Ann. art. 36.14; Schepps v. State, 432 S.W.2d 926, 931 (Tex. Crim. App. 1968). We find it
more likely that the jurors based their ninety-nine-year punishment on the nature and circumstances
of the extremely violent and unprovoked murder of Wilson's sister, not because of an erroneous
conception of appellate law.

 Further, considering the context in which the trial court's remarks were made, we find there
was no error. The trial court was simply explaining to the venirepersons that, because the appellate
court bases its decisions on whether the trial court made errors in its rulings, instead of simply
deciding if it disagrees with the verdict, it is very important that the venirepersons speak clearly and
audibly in answering the questions put to them so the court reporter can transcribe their answers and
have a correct written record to send to the appellate court in case of an appeal. As concerns the trial
court's comment that an appellate court does not review whether it disagrees with a jury's verdict,
that statement is true. No appellate court is allowed to overturn a jury verdict because it disagrees
with it, but only if the verdict is supported by no evidence or factually insufficient evidence. And
we should not speculate that the potential jurors would read into the court's remark more than what
it plainly said.

 Even if the trial court's remark could be considered error, it certainly was not fundamental
or structural error, and because Wilson made no objection whatsoever to the remark when it was
made, he has not preserved error. See Thomas v. State, 533 S.W.2d 796 (Tex. Crim. App. 1976);
Esquivel v. State, 506 S.W.2d 613, 616 (Tex. Crim. App. 1974); McCary v. State, 477 S.W.2d 624,
629 (Tex. Crim. App. 1972); Carew v. State, 471 S.W.2d 860, 862 (Tex. Crim. App. 1971); Hoang
v. State, 997 S.W.2d 678, 683 (Tex. App.--Texarkana 1999, no pet.).

 For the reasons stated, we affirm the judgment of the trial court.



 William J. Cornelius

 Justice*


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


Date Submitted: June 22, 2007

Date Decided: July 19, 2007


Do Not Publish