In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00049-CR


______________________________




FLOYD CARROLL WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 06-0427X




 



Before Morriss, C.J., Moseley and Cornelius,* JJ.


Memorandum Opinion by Justice Cornelius



________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


MEMORANDUM OPINION


 

 Floyd Carroll Wilson was indicted for the murder of his sister, Beverly McCormick. Wilson
pleaded guilty and elected to have a jury set his punishment. The jury found Wilson guilty and
assessed his punishment at ninety-nine years' confinement.

 Wilson does not challenge the sufficiency of the evidence. He raises only one issue on
appeal, in which he contends the trial court committed reversible error by making certain comments
to the venirepanel before the voir-dire examination. We overrule this contention and affirm the trial
court's judgment.

 Wilson complains of only the trial court's comment that an appellate court does not review
whether it agrees with the jury's verdict. It is necessary, however, that we relate the trial court's
comment in this regard in the context in which it was made, in order to show the trial court's intent
in making the comment, as well as to determine what effect the comment likely had on the
veniremembers. Among other comments not pertinent to this appeal, the trial court made the
following statement to the veniremembers:

 That means Ms. Skinner, my court reporter - - and I have to stop talking
because she has to take down everything that I say, that the lawyers say, that the
witnesses say, anything that happens in the trial, and because this is part of the trial
if you have to stand up and give information back - - like if a lawyer says,
Mrs. Smith, you said you were acquainted with this witness and how do you know
this witness? Can you still be impartial? If you have to stand up and say something
like that, Ms. Skinner has to get it into the record. That is because at the end of a trial
if a case is appealed, it doesn't go to another court for another complete trial. Instead,
Ms. Skinner and Ms. Griffis send the pleadings and file and the exhibits and Ms.
Skinner's transcript of what happened in this trial, up to Texarkana to three judges. 
They sit together and the three of them read the record and determine whether or not
I made an error in one of my rulings. They don't determine whether or not they agree
with the jury verdict. Nobody may agree with the jury verdict, but that is not what
they review. They review my rulings and cases are reversed when the three judges
up there think the court, the judge, made an incorrect ruling. So, Ms. Skinner has to
get everything that happens, including all my rulings, what I said, objections,
etcetera, during the course of the trial, and during jury selection. At the end of that
I will be asked to decide whether or not certain of you that indicated you knew
someone or knew something about the case, whether or not you could be impartial
jurors and that could be subject to review by the appellate court, so she has to get all
of that into the record. Because it is a part of the trial of this case.

 Wilson likens the trial court's comments to part of the trial court's charge to the jury, and
argues that the portion about reviewing a verdict on appeal is incorrect and constituted fundamental
error because it could have led the potential jurors to believe they could return an unfair verdict
and/or assess a disproportionate punishment, and their actions in doing so would be immune from
correction on appeal. We disagree with this argument for several reasons.

 The comments related above are not part of the court's charge to the jury. The trial court's
charge to the jury is copied in the record and appears to be without error. See Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon 2007). Wilson makes no attack on the correctness of the court's
charge. The comments of the trial court in question here were given as part of the preliminary
qualifying instructions to the venirepanel. The giving of admonitory instructions to the venirepanel
before trial is within the discretion of the trial court. York v. State, 566 S.W.2d 936, 938 (Tex. Crim.
App. [Panel Op.] 1978); Walker v. State, 440 S.W.2d 653, 658 (Tex. Crim. App. 1969). Comments
on the evidence or other remarks by the trial court constitute reversible error only if they are
reasonably calculated to benefit the State or prejudice the defendant's rights. Tex. Code Crim.
Proc. Ann. art. 38.05 (Vernon 1979); Davis v. State, 651 S.W.2d 787, 789 (Tex. Crim. App. 1983). 
The remarks challenged by Wilson are not of that character.

 Wilson suggests that the jurors in this case may have been led by the trial court's preliminary
remarks to believe they were free to render an unfair verdict or punishment, even though not justified
by the facts, because their findings could not be overturned on appeal. For us to make that
assumption would be to engage in the rankest sort of speculation completely unwarranted by the
record. Wilson also suggests, because there was considerable mitigating evidence tending to show
it was totally uncharacteristic for him to commit such a cruel and unprovoked crime of killing his
sister in cold blood, the jurors probably assessed a disproportionate and excessive punishment
because they thought it could not be overturned on appeal. We find no evidence that the jurors were
motivated by such a corrupt purpose. Indeed, we presume the jurors obeyed the court's charge,
which required them to base their findings solely on the evidence and the law. See Tex. Code Crim.
Proc. Ann. art. 36.14; Schepps v. State, 432 S.W.2d 926, 931 (Tex. Crim. App. 1968). We find it
more likely that the jurors based their ninety-nine-year punishment on the nature and circumstances
of the extremely violent and unprovoked murder of Wilson's sister, not because of an erroneous
conception of appellate law.

 Further, considering the context in which the trial court's remarks were made, we find there
was no error. The trial court was simply explaining to the venirepersons that, because the appellate
court bases its decisions on whether the trial court made errors in its rulings, instead of simply
deciding if it disagrees with the verdict, it is very important that the venirepersons speak clearly and
audibly in answering the questions put to them so the court reporter can transcribe their answers and
have a correct written record to send to the appellate court in case of an appeal. As concerns the trial
court's comment that an appellate court does not review whether it disagrees with a jury's verdict,
that statement is true. No appellate court is allowed to overturn a jury verdict because it disagrees
with it, but only if the verdict is supported by no evidence or factually insufficient evidence. And
we should not speculate that the potential jurors would read into the court's remark more than what
it plainly said.

 Even if the trial court's remark could be considered error, it certainly was not fundamental
or structural error, and because Wilson made no objection whatsoever to the remark when it was
made, he has not preserved error. See Thomas v. State, 533 S.W.2d 796 (Tex. Crim. App. 1976);
Esquivel v. State, 506 S.W.2d 613, 616 (Tex. Crim. App. 1974); McCary v. State, 477 S.W.2d 624,
629 (Tex. Crim. App. 1972); Carew v. State, 471 S.W.2d 860, 862 (Tex. Crim. App. 1971); Hoang
v. State, 997 S.W.2d 678, 683 (Tex. App.--Texarkana 1999, no pet.).

 For the reasons stated, we affirm the judgment of the trial court.



 William J. Cornelius

 Justice*


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


Date Submitted: June 22, 2007

Date Decided: July 19, 2007


Do Not Publish