

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00020-CR
_____

ANTHONY CARROLL MARSHALL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 07-0336X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

A jury found Anthony Carroll Marshall guilty of murder and assessed his punishment at fifty years' imprisonment and a fine of $10,000.00. Marshall does not challenge the sufficiency of the evidence. He raises only one issue on appeal, in which he contends the trial court committed reversible error by making certain comments to the venire panel before the voir-dire examination. We overrule Marshall's singular point of error and affirm the trial court's judgment.

Marshall complains of only the trial court's comment that an appellate court does not review whether it agrees with the jury's verdict. It is necessary, however, that we relate the trial court's comment in this regard in the context in which it was made, in order to show the trial court's intent in making the comment, as well as to determine what effect the comment likely had on the venire. Among other comments not pertinent to this appeal, the trial court made the following statement to the panelists:

> [S]he is the certified court reporter for this court and it is her job to take down everything that is said, and then at the end of a trial if one side or the other appeal the case, it goes to an appellate court at Texarkana. The appellate court does not hear the trial over again. This is the trial court, the only place you have a trial. The appellate court reads the record that Ms. Skinner sends up and they read it to evaluate, to review whether any of my rulings were incorrect and so they don't review it to decide whether or not they agree with your verdict. And I don't enter a judgment based on whether I agree with your verdict. Your verdict is your verdict and basically it is not going to be reviewed by anybody. My rulings will be and that is what an appeal is about. During this part of the trial, I will have to make rulings at the end about whether particular jurors are able to be impartial or not and if any of those rulings are not agreed on, that is something that can be appealed at the end of the case.
> So, I am telling you that so that you will know number one, this is a very important part of the trial. Most lawyers and I think I agree having been here 20

2

years, and trying cases as the District Attorney for ten before that, jury selection is the most important part of the case other than the facts themselves. It is terribly important and it depends on all of you in order to get that done, even if you don't eventually have to come and sit on a jury starting tomorrow.

Marshall likens the trial court's comments to part of the trial court's charge to the jury, and he argues that the portion about reviewing a verdict on appeal is incorrect and constituted fundamental error because it could have led the potential jurors to believe they could return an unfair verdict and/or assess a disproportionate punishment (and, by so doing, their verdict would be unassailable on appeal). We disagree with this argument for several reasons.

The comments related above are not part of the court's charge to the jury. The trial court's written jury charges are copied in the record and appear to be without error. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Marshall makes no attack on the correctness of those written charges. The comments of the trial court in question here were given as part of the preliminary qualifying instructions to the venire. The giving of admonitory instructions to the venire before trial is within the discretion of the trial court. *York v. State*, 566 S.W.2d 936, 938 (Tex. Crim. App. [Panel Op.] 1978); *Walker v. State*, 440 S.W.2d 653, 658 (Tex. Crim. App. 1969). Comments on the evidence or other remarks by a trial court constitute reversible error only if they are reasonably calculated to benefit the State or prejudice the defendant's rights. TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979); *Davis v. State*, 651 S.W.2d 787, 789 (Tex. Crim. App. 1983). The remarks challenged by Marshall are not of that character.

3

Marshall suggests the jurors in this case may have been led by the trial court's preliminary remarks to believe they were free to render an unfair verdict or punishment, even though not justified by the facts, because their findings could not be overturned on appeal. Marshall further asserts the trial court's comments show the trial court had already decided to deny any motion for a directed verdict, should such a request be made by the defense during the upcoming trial. However, for us to make either assumption would be to engage in the rankest sort of speculation completely unwarranted by the record. Indeed, we must presume the jurors obeyed the court's charge, which expressly required them to base their verdicts solely on the evidence and the law presented to them. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Schepps v. State*, 432 S.W.2d 926, 931 (Tex. Crim. App. 1968). We find it more likely the jurors based their fifty-year sentence on the nature and circumstances of the underlying crime, not because of an erroneous conception of appellate review.

Further, considering the context in which the trial court's remarks were made, we find there was no error. The trial court was simply explaining to the venire that, because the appellate court bases its decision on whether the trial court made errors in its rulings, instead of simply deciding that it disagrees with a jury's verdict, it is very important that the venire speak clearly and audibly in answering the questions put to them so the court reporter can transcribe their answers and thereby have a written record to send to the appellate court in case of an appeal. As concerns the trial court's comment that an appellate court does not review whether it disagrees with a jury's verdict, that statement is true. No appellate court is allowed to overturn a jury verdict because it disagrees with

4

it, but only if the verdict is supported by no evidence or factually insufficient evidence. And we should not speculate that the potential jurors would read into the court's remark more than what it plainly said.

Even if the trial court's remark could be considered error, it certainly was not fundamental or structural error, and because Marshall made no objection whatsoever to the remark when it was made, he has not preserved error. *See Thomas v. State*, 533 S.W.2d 796 (Tex. Crim. App. 1976); *Esquivel v. State*, 506 S.W.2d 613, 616 (Tex. Crim. App. 1974); *McCary v. State*, 477 S.W.2d 624, 629 (Tex. Crim. App. 1972); *Carew v. State*, 471 S.W.2d 860, 862 (Tex. Crim. App. 1971); *Hoang v. State*, 997 S.W.2d 678, 683 (Tex. App.—Texarkana 1999, no pet.).

For the reasons stated, we affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:    May 5, 2008
Date Decided:      May 13, 2008

Do Not Publish