In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00111-CR**
_____

**DONALD EVANS JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 25032**

## MEMORANDUM OPINION

A jury found Donald Evans Jr. guilty of aggravated assault with a deadly weapon and the trial court sentenced Evans to two years in the Texas Department of Criminal Justice, Institutional Division. *See* Tex. Penal Code Ann. § 22.02. Appellant timely appealed. We affirm the trial court's judgment.

On August 22, 2018, Appellant requested the trial court appoint counsel to represent him, and on September 4, 2018, notice of appointment to represent Appellant was sent to Appellant's appointed counsel. More than seventeen months

1

later, and after the case was called for trial, after voir dire was conducted, and after a jury selected, Appellant informed the court coordinator in the coordinator's office that "he wanted a new lawyer." The court coordinator informed the trial judge of Appellant's request, and the trial judge informed the court coordinator that the request would not be granted. That same morning in court, the trial judge, outside of the jury's presence, explained on the record what had transpired. The jury was sworn, and the trial proceeded. The jury found Appellant guilty of aggravated assault with a deadly weapon and the trial court sentenced Appellant to two years. Appellant filed a notice of appeal.

In one issue, Appellant argues the trial court erred in failing to hold a hearing on Appellant's request to have his appointed counsel replaced. The Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees an indigent defendant's right to appointed counsel. *Thomas v. State*, 550 S.W.2d 64, 67 (Tex. Crim. App. 1977). The Code of Criminal Procedure authorizes the replacement of appointed counsel for good cause. *See* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2). However, "[a]ppointment of new counsel is a matter solely within the discretion of the trial court[,]" and the "trial court is under no duty to search for a counsel until an attorney is found who is agreeable to the accused." *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990); *see King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). "A defendant does not have the right to choose appointed

2

counsel, and unless he waives his right to counsel and chooses to represent himself, or shows adequate reasons for the appointment of new counsel, he must accept court-appointed counsel." *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.); *see Renfro v. State*, 586 S.W.2d 496, 499-500 (Tex. Crim. App. 1979); *Trammell v. State*, 287 S.W.3d 336, 343 (Tex. App.—Fort Worth 2009, no pet.) ("Texas courts have specifically held that an indigent defendant does not have a right to the counsel of his own choosing."). Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. *King*, 29 S.W.3d at 566. A defendant's right to counsel may not be manipulated to obstruct the judicial process or interfere with the administration of justice. *Id.*

When an accused makes an eleventh hour request for a change of appointed counsel, the court may (1) appoint or allow the defendant to employ new counsel at its discretion, (2) permit the defendant to represent himself, or (3) compel an accused who will not waive counsel and who does not assert his right to self-representation to proceed to trial with the appointed counsel. *Burgess v. State*, 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991). When the trial court has no notice of the accused's dissatisfaction with the services of his trial counsel until the day of trial, no error is presented by the trial court's refusal to appoint new counsel. *Brown v. State*, 464 S.W.2d 134, 135-37 (Tex. Crim. App. 1971).

Here, the record reflects that Appellant waited until after the trial was called, after voir dire conducted, and after the jury selected, to request that his trial counsel be replaced. There is no showing that the request for a new attorney was brought to the attention of the trial court before the trial date. Furthermore, when the trial court denied Appellant's request for new appointed counsel, Appellant did not object or request a hearing. *See* Tex. R. App. P. 33.1. After reviewing the record and applying the applicable law, we find no error. We overrule Appellant's issue and affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 15, 2020
Opinion Delivered August 25, 2021
Do Not Publish

Before Kreger, Horton and Johnson, JJ.