A. O. YOUNG v. THE STATE.

No. 15521. Delivered January 18, 1933.
Rehearing Withdrawn March 1, 1933.
Reported in 57 S. W. (2d) 171.

The opinion states the case.

*V. M. Johnston,* of Palestine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being three years in the penitentiary.

The indictment alleged the date of the offense as "on or about" the 5th day of December, 1931.

The state used only one witness. Appellant did not testify himself, nor did he call any other witness. The state's witness was Haddix, a federal prohibition officer. From his evidence we condense the facts. On November 16th, 1931, the witness went to appellant's residence and purchased a half gallon of whisky, for which he paid two dollars. Appellant told witness any time he wanted whisky not to stop in front, but to drive in back of the house. On December 5th witness again went to appellant's place, and, as directed, drove in back of the house. Appellant came to the car and witness asked if he could get three cases (eighteen gallons) of whisky. Appellant told witness to drive down the road and come back in about two hours. Witness told him that would be too long. Whereupon appellant said to come back in about forty-five minutes. Witness did this, and again drove in at the back of the house, and appellant called witness out of the car to the back porch and pointed to the three cases of whisky, and said it would be $54. The witness disclosed his identity. The house was then searched, and twelve gallons of whisky were found in a room just off the porch. A gallon fruit jar partly full of whisky, a jar of wine, and some "aging" chips were also found.

Appellant made application for continuance based upon the absence of appellant's wife and a man by the name of Lane. These witnesses had been summoned. No question of diligence arises. Their absence is accounted for by the statement of doctors who certified that both witnesses were sick. It was stated in the application that if present Mrs. Young would testify that on the day of the alleged offense she was at her home with her husband during the entire day, and "that at no time was her husband away from the home during said day, and that her husband did not sell whisky or any character of intoxicating liquor to Haddix or any other person on the date alleged in the indictment, or at any other time * * * and that the defendant did not have in his possession intoxicating liquor of any character for sale or any other purpose." The averment in the application was that Lane would testify, if present, substantially the same as Mrs. Young. No affidavit from either of these witnesses was attached to appellant's motion for new trial. They were not indispensable. In the absence of a showing as to what particular facts the witnesses would swear to, we are inclined to the view that the court was not in error in denying the continuance, or in refusing a new trial based upon its denial. It will be observed that nowhere in the application for continuance is it alleged that either witness would testify that Haddix was not at appellant's house on the occasion in question, nor that the transaction with Haddix did not occur. It is doubtful from his testimony whether a sale to him was consummated on the 5th of December, and so if the witnesses had been present and testified that no sale was made to Haddix it would have thrown no light on the incident. It is further observed that it is not averred that either witness would testify that there was no intoxicating liquor in or about the house on the occasion in question, but it is only alleged that they would swear to a conclusion, viz., that appellant "did not have in his possession intoxicating liquor of any character for sale or any other purpose." The facts to which the witnesses would have sworn should have been stated. They might or might not have thrown light on whether appellant was in possession of whisky, and, if so, for what purpose. It is necessary to set out in an application for continuance, based upon absent witnesses, the specific facts to which the witness would swear, and not rely upon general averments and conclusions. See section 312, Branch's Ann. Tex. P. C., and cases collated thereunder. See, also, note 9, under article 543, Vernon's Ann. Tex. C. C. P., vol. 1.

It was stated in the application for continuance that Mrs.

Young would testify that appellant never left the house during the day in question. We fail to see the relevancy of this testimony. It was not claimed by the state that appellant went to some other place and secured the eighteen gallons of whisky which was on the porch.

The date of the offense was alleged to have been on or about December 5, 1931. The state is not bound by the date alleged, and may generally prove that the offense was committed at any time anterior to the presentment of the indictment, if it is not so remote as to be barred by limitation. The facts testified to by the witness Haddix made out a case against appellant both on November 16 and December 5th. There was no request for an election. Appellant's application for continuance, if it were otherwise sufficient, does not pretend that the testimony of the absent witnesses would throw any light on the transaction of November 16th.

The point raised by the other bill of exception as to admitting in evidence the search warrant is not briefed by appellant, presumably because the trial court shows by his explanation to the bill that no error was committed. The warrant did not go before the jury, but was exhibited to the court only.

The judgment is affirmed.

*Affirmed.*

MORROW, Presiding Judge.—Since the affirmance of the case and the filing of the motion for rehearing, appellant has filed his written request, duly verified, asking that the motion be dismissed. The request is granted, the motion for rehearing is withdrawn, and mandate will issue immediately.