CLARK BELL FREEMAN V. STATE
No. 34,539

JOYCE ANN PRICE V. STATE
No. 34,540

ODESSA KING V. STATE
No. 34,541

GLORIA ANN CUMBY V. STATE
No. 34,542

Delivered April 25, 1962
Motion for Rehearing Overruled May 30, 1962

*Joseph F. Greathouse* and *John E. McLean,* both of Fort Worth, for appellants.

*Henry Wade,* Criminal District Attorney, *George Milner, Bill Watts, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The convictions are for felony theft of 35 cartons of cigarettes from Wyatt's Food Store in Grand Prairie, Texas; the punishment, three years each for appellants Price and Cumby, and five years for appellants Freeman and King.

These are companion cases, and, although appellants were separately indicted, they agreed to be tried together, and the appeals are hereby consolidated.

A. H. Martin, manager of Wyatt's Food Store at Grand Prairie, testified that at 10:30 A.M. on the date in question a clerk in the store called his attention to appellants, that he observed appellants leaving the store through a check-out counter that was not in operation, that they were each carrying long black bags, that none of them paid for any merchandise, and that they left the store together. He further testified that he took an inventory of his stock of cigarettes and discovered that 35 cartons were missing, and later identified his store's mark on 35 cartons of cigarettes at the police station. He stated the cigarettes were valued at $2.65 per carton.

R. D. Dodd, an employee of Safeway Stores in Grand Prairie, testified that he observed appellants leaving his store shortly after noon on the day in question and that they left in a two-tone Buick automobile after failing to respond to his request for them to stop. He stated further that he took down the license number of the Buick and gave it to the Grand Prairie police.

Fred Conover, a member of the Grand Prairie police department, testified that on the date in question appellants passed his police car shortly after he had received a description of their car, that he turned on his red lights and proceeded after appellants' car, honking his horn; that several of the appellants turned around and looked at him, and then their automobile began to pick up speed; and that he was successful in stopping appellants after chasing them between fifteen and twenty blocks at speeds up to 85 miles per hour. He stated that some of the cigarettes were thrown out of appellants' automobile during the chase and that 55 cartons were found scattered around in their automobile and in the four large black purses.

C. R. Roberts, a Grand Prairie police department detective, testified that after a proper warning he took voluntary confessions from the four appellants in which they recited that "each of us took several cartons of cigarettes * * * ."

Each of the appellants testified in her own behalf that three of them (Cumby, Price and Freeman) had left Odessa King at a doctor's office in Arlington, that they then proceeded to the Wyatt's Food Store in Grand Prairie, that they then went into the store independently of each other and with no agreement to steal any cigarettes, that each of them stole several cartons of cigarettes by putting them into large bags they were carrying, and each of them denied any knowledge of the fact that the others were also stealing cigarettes.

Appellant Price further testified, without objection, that they later went to the Safeway Store, and she stole six cartons of cigarettes there.

Under a proper charge by the trial court on the law of principals, the jury found each of the appellants guilty, and we find the evidence sufficient to support a finding that appellants were acting in conjunction with each other in the commission of the theft of the 35 cartons of cigarettes.

No brief has been filed in behalf of any of the appellants, and we shall discuss the contentions advanced by counsel in oral argument.

Counsel on appeal contends that, although there was no objection to the question asked appellant Price or to the testimony she gave regarding the theft of the cigarettes from the Safeway Store, the trial court erred in not excluding this evidence of an extraneous offense on his own volition. It has long been the holding of this Court that where appellant fails to object to the introduction of testimony in the trial court he is in no position to assert on appeal that it was inadmissible. Long v. State, 170 Texas Cr. Rep. 177, 339 S.W. 2d 315; Madden v. State, 171 Texas Cr. Rep. 80, 344 S.W. 2d 690; Bowles v. State, 168 Texas Cr. Rep. 241, 324 S.W. 2d 841; and Barfield v. State, 168 Texas Cr. Rep. 7, 323 S.W. 2d 455. See also 5 Texas Jur. 2d, Sec. 39, p. 61, and cases there cited.

Counsel also contends that the trial court erred in admitting into evidence the confessions of appellants Price and Freeman without limitation because they were highly prejudicial to appellants King and Cumby.

It is true that the confession by one of several defendants jointly tried, though admissible in evidence against the one who made it, is not admissible as evidence against his co-defendants and should be properly limited by the court. Morris v. State, 332 S.W. 2d 326, and Collins v. State, 24 Texas App. 141, 5 S.W. 848. However, we find no objection to the court's charge nor a requested charge directing the jury's proper consideration of this evidence. The record further reflects that the confessions of appellants Cumby and King, which were identical in all material respects to the confessions of Price and Freeman here complained of, had already been introduced into evidence without objection (that they were not properly limited to the appellants who made them), and it has long been the rule that the improper admission

of evidence does not constitute reversible error if the same facts were shown by evidence not objected to. Moseley v. State, 158 Texas Cr. Rep. 578, 258 S.W. 2d 331. See also 5 Texas Jur. 2d, Sec. 446, p. 704, and cases there cited.

No reversible error appearing, the judgments are affirmed.