**Billy Joe EVANS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46761.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The offense is murder with malice; the punishment, assessed by the court, is twenty-five years.

The record discloses that appellant and his codefendant, Charles Edward Hearne, though indicted separately, were tried jointly in one trial before a jury for the murder of Iris Z. Carter in Dallas on or about August 22, 1971. This appeal is by Billy Joe Evans as sole appellant.

Viewed in a light most favorable to the verdict, the record reflects the following facts:

Early in the morning of August 22, 1971, deceased Carter was found lying on a sidewalk in a shopping center in Dallas. He died two days later. A qualified physician performed an autopsy five hours after Carter's death, and testified that deceased's skull was fractured in four areas, and that the injuries to the head were consistent with blows being made with a blunt instrument, such as a brick, and were sufficient to cause death.

On August 25, 1971, appellant, being under arrest, after being duly warned of his legal rights, made a statement which was reduced to writing and signed by appellant. Later on the same date codefendant Hearne made and signed a written statement after being properly warned of his legal rights. After an extensive Jackson-Denno hearing,[1] the trial court held that no constitutional or statutory right of either defendant had been violated in the taking of either statement, and that they were freely and voluntarily made, and they were admitted in evidence as State's Exhibits two and three, respectively. Appellant does not complain on this appeal of the admission in evidence of either of these exhibits.

The sufficiency of the evidence is not questioned.

Appellant's first ground of error reads:

"The trial court committed reversible error in refusing appellant's requested charge to instruct the jury not to consider co-defendant Hearne's written state-

---

1. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

ment against appellant when deliberating appellant's guilt or innocence."

We copy the confessions of appellant and of his codefendant Hearne, omitting the printed warnings and waivers:

### Appellant's Confession

". . . We were coming from the apartments on Imperial and were going to my house and when we walked across the parking lot we saw the man. Charles said let's go into the brick yard and get a brick. We went to the brick yard and got a brick apiece and then we walked by the man one time. The old man was facing the street and Charles said something to him and then hit him in the back of the head with the brick and knocked him to his knees, then kicked him and knocked him down and the old man tried to get back up, Charles hit him in the temple with the brick. Charles grabbed the man's billfold and told me to get the car keys. The keys were hanging in his belt and I grabbed the keys and threw them toward the street. I paniced (sic) and ran home. Charles was running behind me and I ask (sic) him if he got any money and Charles said no.

"I have read this statement consisting of ONE page(s), each page of which bears my signature, and I do affirm that all facts and statements contained herein are true and correct.

"WITNESS:
/s/ Nancy Ruth Bird    /s/ Billy Joe Evans
                       Signature of person mak-
                       ing voluntary statement"

### Codefendant Hearne's Statement

". . . On August 22, 1971 at about 5:00 A.M. Billy Joe and I had gone to Churches Chicken and they were closed, on the way back to Billy's house we saw an old white man raking the driveway in front of the washiteria at Hatcher and Sceyene we decided to rob him and each of us got a brick from the brick yard

across the st. and we hit the old man on the head and I kicked him when he was down. I got his billfold and handed it to Billy Joe and Billy Joe got the change out of his pockets and gave me 80¢ we then went to Bill's house.

"I have read this statement consisting of 1 page(s), each page of which bears my signature, and I do affirm that all facts and statements contained herein are true and correct.

"WITNESS:
/s/Robert W. Finklea III    /s/ Charles Edward Hearne
                            Signature of person mak-
                            ing voluntary statement"

At the close of the State's evidence, all parties rested without the introduction of any evidence by either of the defendants. Appellant requested in writing the court to include in the charge to the jury the following instruction:

"Now comes Billy Joe Evans after all testimony had closed and before the charge is read to the jury and prior to the jury considering this case, and requests that this Court affirmatively instruct the jury that jury cannot consider the confession made by Charles Hearn (sic) in any way against Billy Joe Evans when considering the guilt or innocence of Evans."

The trial court denied this request, and appellant excepted.

■ It is the well established rule in this State that a confession of guilt can only be used against the person giving the confession, and is inadmissible against others under the hearsay rule, and as a violation of the right of confrontation guaranteed by the Sixth Amendment of the United States Constitution. Carey v. State, 455 S.W.2d 217 (Tex.Cr.App.); Schepps v. State, 432 S.W.2d 926, 940 (Tex.Cr.App.); Chapman v. State, 470 S. W.2d 656, 661 (Tex.Cr.App.); McCormick & Ray, Texas Law of Evidence, 2d Ed., Sec. 1219, p. 96; 24 Tex.Jur.2d, Evidence, Sec. 667, p. 272. See also Bruton v. Unit-

ed States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340.

■ In all cases of multiple defendants where a defendant's confession has been admitted in evidence, the trial court is required, on proper request, to guard the rights of the codefendant on trial by limiting in his charge the purpose of the confession to establishing the guilt of the confessor only. Schepps, supra, at p. 941 of 432 S.W.2d; Freeman v. State, 172 Tex. Cr.R. 389, 357 S.W.2d 757; Hagans v. State, 372 S.W.2d 946, 949 (Tex.Cr.App.); Morris v. State, 169 Tex.Cr.R. 153, 332 S. W.2d 326; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159.

■ The State contends that this requirement was sufficiently accomplished by the inclusion in the charge of the following instruction:

"As you have noted here, each of the defendants stands charged by indictment with the offense of *murder with malice aforethought*. As a part of the law in this case, I instruct you that for each offense and each defendant that the evidence, if any, should be considered separately as to each such defendant and offense, if any offense was committed. The fact that you may find that all, any, or one of the defendant(s) is guilty or is not guilty should not control your verdict with respect to any other defendant or offense charged. Each offense and the evidence, if any, applicable thereto must be considered separately by you, and that is true as to each defendant, and the evidence that has been admitted, if any, as to each defendant must be considered only as to that defendant alone and not in any other manner.

"Therefore, I instruct you that you may find all, any or one of these defendants guilty or not guilty in accordance with your findings and so say by your verdict."

This instruction did not specifically tell the jury that they should not consider the confession of defendant Hearne as evidence of guilt of appellant, and was inadequate to protect appellant's rights in that respect. The court erred in failing to expressly instruct the jury as requested in appellant's request.

We next consider whether this error may be considered as harmless.

As reflected by the statement of facts, the State proved a killing of deceased Iris Z. Carter and established by expert medical evidence the cause of death. The State next proved the arrest of each defendant, and after a Jackson-Denno hearing introduced, over objection of both defendants, the written confession of each. The State then rested. Neither appellant nor his codefendant Hearne testified, and neither offered any evidence. Thus, the only evidence connecting either of the defendants with the commission of this crime consisted of their written confessions.

The Supreme Court, in Bruton v. United States, supra, held that the admission of a confession of a codefendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment confrontation clause of the United States Constitution where that confession implicated the defendant. Even when the jury is instructed to consider the confession only against the declarant, the court in *Bruton* stated that the danger of misuse of the confession by the jury was too great to be constitutionally permissible. In Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L. Ed.2d 1100, the Supreme Court held that the *Bruton* decision was retroactive, and was applicable to a state proceeding.

Supreme Court's decisions since *Bruton* have held that the mere finding of a violation of the *Bruton* rule in the course of a trial does not automatically require reversal, and that such violation may, under some circumstances, be harmless constitutional error. Harrington v. California, 395

U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). In *Harrington,* the defendant was tried for murder jointly with three others. He admitted being at the scene of the crime, but denied complicity. One of his codefendants, who confessed and implicated him, took the stand and was subject to cross-examination. The other two codefendants, whose statements corroborated defendant's presence at the scene, did not take the stand. There was other evidence of guilt, and the court held that "But apart from them (the confessions of the codefendants) the case against Harrington was so overwhelming that we conclude that this violation of Bruton was harmless beyond a reasonable doubt."

In *Schneble,* the admission in evidence of a codefendant's out of court statement was held to be a violation of the *Bruton* rule. However, the Supreme Court said, citing *Harrington,* supra, that "Not only is the independent evidence of guilt here overwhelming, as in Harrington, but the allegedly inadmissible statements of Snell (the codefendant) at most tended to corroborate certain details of petitioner's comprehensive confession," and held that "We conclude that the 'minds of an average jury' would not have found the State's case significantly less persuasive had the testimony as to Snell's admissions been excluded. The admission into evidence of these statements, therefore, was at most harmless error."

*Harrington* and *Schneble* were concerned with alleged prejudicial error in the admission in evidence of the codefendant's confessions, and did not involve the failure of the court to limit the effect of such confession solely to consideration of his guilt.

*Carey v. State,* 455 S.W.2d 217 (Tex.Cr. App.1970) presents a case where both defendants appealed. The out of court confessions of both were introduced in evidence. Both defendants testified, and each had the opportunity of cross-examining the other. The confessions of both defendants were mutually inculpatory, substantially similar, and non-contradictory. There was other testimony which made a complete case against both defendants. There was no request by either defendant for limiting instructions as to the codefendant's confession. Considering the record as a whole, this Court held any error in the admission in evidence of codefendant's confession under *Bruton,* supra, to be harmless, and that neither defendant was prejudiced thereby.

■ In the instant case we need not determine if the Bruton type error in admitting the codefendant's confession implicating the appellant was harmful or harmless. This is so because even if harmless under the circumstances presented reversal is still called for due to failure of the trial court to instruct the jury not to consider the codefendant's confession as any evidence of appellant's guilt. The failure of the trial court to give such a limiting instruction upon timely request has repeatedly been held to be reversible error. 1 Branch's Ann.P.C.2d, Sec. 93, p. 101; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159 (1946). See also Hagans v. State, 372 S.W. 2d 946, 949 (Tex.Cr.App.1962); Schepps v. State, 432 S.W.2d 926 (Tex.Cr.App. 1968).

In view of our disposition of this appeal, we do not discuss the remaining grounds of error.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.