Charles Edward **HEARNE**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 47556.

Court of Criminal Appeals of Texas.

Nov. 7, 1973.

Robert M. Jones (court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The conviction, by a jury, is for murder with malice. The punishment, assessed by the court, is twenty-five years.

This is a companion case to Evans v. State, 500 S.W.2d 846 (judgment reversed and cause remanded October 24, 1973).

The record discloses that appellant and Billy Joe Evans, though indicted separately, were tried jointly in one trial for the murder of Iris Z. Carter in Dallas on or about August 22, 1971. This appeal is by Charles Edward Hearne as appellant.

Viewed in the light most favorable to the verdict, the record reflects that early in the morning of August 22, 1971, deceased Carter was found lying on a sidewalk in a shopping center in Dallas. He died two days later. A qualified physician performed an autopsy five hours after Carter's death, and testified that deceased's skull was fractured in four areas and that the injuries to the head were consistent with blows being made with a blunt instrument, such as a brick, and were sufficient to cause death.

On August 25, 1971, Evans, being under arrest, made and signed a written confession. Shortly thereafter, on the same day, appellant, being under arrest, made and signed a written confession. At the trial, the court, after an extensive Jackson-Denno [1] hearing, found that each confession was freely and voluntarily made, and that no constitutional or statutory rights of either party had been violated, and admitted these confessions in evidence.

Neither appellant nor his co-defendant Evans testified and neither of them offered any evidence. Both rested with the State.

Appellant's third ground is that the trial court erred in admitting his co-defendant's

1. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. See also Art. 33.22, Vernon's Ann.C.C.P.

confession into evidence over appellant's objection that it was hearsay.

His fourth ground is that the trial court erred in denying appellant's requested instruction limiting the jury from considering the co-defendant's confession against appellant.

The confessions of appellant and of his co-defendant Evans are set forth in full in our opinion in Evans v. State, supra, and need not be repeated here. When Evans' confession was offered in evidence, appellant objected on the ground of hearsay, which objection was overruled.

At the close of the evidence, and before the court's charge was read to the jury, appellant requested in writing that the court instruct the jury that it "may not consider the confession of Billy Joe Evans as evidence against Charles Hearne for any purpose." The court denied such request. The court gave the instruction set forth in Evans, supra, reading as follows:

> "As you have noted here, each of the defendants stands charged by indictment with the offense of *murder with malice aforethought*. As a part of the law in this case, I instruct you that for each offense and each defendant that the evidence, if any, should be considered separately as to each such defendant and offense, if any offense was committed. The fact that you may find that all, any, or one of the defendant(s) is guilty or is not guilty should not control your verdict with respect to any other defendant or offense charged. Each offense and the evidence, if any, applicable thereto must be considered separately by you, and that is true as to each defendant, and the evidence that has been admitted, if any, as to each defendant must be considered only as to that defendant alone and not in any other manner.
>
> "Therefore, I instruct you that you may find all, any or one of these defendants

guilty or not guilty in accordance with your findings and so say by your verdict."

■ As we held in Evans, this instruction did not specifically tell the jury not to consider Evans' confession as evidence of guilt of appellant, and was inadequate to protect appellant's rights. For the reasons given in our opinion in Evans, supra, the court committed error in failing to instruct the jury as asked in appellant's request.

We further make reference to Evans, supra, for our discussion of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, holding that the admission in evidence of a confession of a co-defendant who did not take the stand, and whom the defendant did not have the opportunity to cross-examine, deprived the defendant of his rights under the Sixth Amendment confrontation clause of the Constitution of the United States, where that confession implicates the defendant. Even when the jury is instructed to consider the confession only against the one making it, the court in Bruton stated that the danger of misuse of the confession by the jury was too great to be constitutionally permissible. In Roberts v. Russell, 392 U.S. 293, 88 S. Ct. 1921, 20 L.Ed.2d 1100, the Supreme Court held that the Bruton decision was retroactive, and was applicable to a state proceeding.

■ The trial court erred in the instant case in admitting Evans' confession over appellant's objection of hearsay. Bruton v. United States, supra; Carey v. State, Tex.Cr.App., 455 S.W.2d 217; Chapman v. State, Tex.Cr.App., 470 S.W.2d 656, 661; Schepps v. State, Tex.Cr.App., 432 S.W.2d 926, 941; Evans v. State, supra; McCormick and Ray, Texas Law of Evidence, 2d Ed., Sec. 1219, p. 96.

In the instant case, we need not determine if the Bruton type error in admitting the co-defendant's confession implicating the appellant was harmful or harmless.[2]

2. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed. 2d 340; Carey v. State, supra.

This is so because even if harmless under the circumstances presented reversal is still called for due to the failure of the trial court to instruct the jury not to consider the co-defendant's confession as any evidence of appellant's guilt. The failure of the trial court to give such a limiting instruction upon timely request has repeatedly been held to be reversible error. 1 Branch Ann.P.C., Sec. 93, p. 101; Ex parte Suger, 149 Tex.Cr.R. 133, 192 S.W.2d 159; Evans v. State, 500 S.W.2d 846 (October 24, 1973). See also Hagans v. State, Tex. Cr.App., 372 S.W.2d 946, 949; Schepps v. State, Tex.Cr.App., 432 S.W.2d 926.

In view of our disposition of this appeal, we do not discuss the remaining grounds of error.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.