**Willie Edward MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47645.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

CORNELIUS, Commissioner.

Appellant and his co-defendant Darnell Robbins, though indicted separately, were tried jointly for rape. This appeal is by appellant Willie Edward Moore only. He was convicted, and his punishment was assessed by the jury at life. The sufficiency of the evidence is not challenged.

In the first ground of error appellant contends that the trial court erred in denying his first motion for a continuance which was filed on the day of trial. The motion alleged that appellant had not been able to locate three inportant fact witnesses known to him only as females named Pat, Stacy and Joyce, and that he needed additional time to locate these witnesses. The motion asserted that the witnesses were present in the vicinity of the apartment where the offense occurred and that appellant "feels that, if found, the witnesses could and would testify to matters pertaining to the appearance, conduct and demeanor of defendant, co-defendant and complainant as they entered the location . . . ." No specification of the facts expected to be proved by these witnesses was made in the motion and it contains no assertion that the evidence could not be obtained from any other source.

■ The motion for continuance was properly overruled, as it did not specifically set out the facts expected to be proved by the absent witnesses. The allegations contained in the motion are mere conclusions and general averments. These have repeatedly been held to be insufficient. Moore v. State, 127 Tex.Cr.R. 637, 78 S. W.2d 189; Perkins v. State, 120 Tex.Cr.R. 399, 46 S.W.2d 672; Young v. State, 123 Tex.Cr.R. 105, 57 S.W.2d 171; Palasota v. State, Tex.Cr.App., 460 S.W.2d 137; Ikner

v. State, Tex.Cr.App., 468 S.W.2d 809; Art. 29.06, Vernon's Ann.C.C.P.

Ground of error number one is overruled.

In grounds of error two and three, the appellant urges that the trial court erred in admitting into evidence the written confessions of appellant and the co-defendant. The basis of this complaint is that the warning given to the appellant and the co-defendant did not affirmatively advise them, as to their right not to speak, that they "could remain silent," but only that they "did not have to made a statement."

■ The record contains testimony that both the appellant and the co-defendant were taken before a magistrate and given the proper warnings before they were interrogated and that they were again read the "Miranda" warning, from a written card, by the interrogator prior to their making the confessions. These warnings included the admonition that they had the right to remain silent. In addition, the written statements were read to the appellant and to the co-defendant before they were signed and they also contained such admonition. Prior to the admission of the statements the trial judge conducted a thorough hearing outside the presence of the jury concerning their voluntary nature and the warnings made to the parties, and made written findings and conclusions to the effect that the confessions were voluntarily made after proper warnings had been given and upon affirmative and intelligent waiver of the parties' constitutional rights. The record here amply supports such findings and conclusions. Encina v. State, Tex.Cr.App., 471 S.W.2d 384; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Grounds two and three are overruled.[1]

---

1. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the court held that admission at a joint trial of a defendant's extrajudicial confession implicating a co-defendant violated the co-defendant's

right of cross-examination secured by the confrontation clause of the Sixth Amendment, and was error of constitutional dimension. See also Carey v. State, Tex.Cr.App., 455 S.W.2d 217. Such error can, under some

We have carefully considered appellant's supplemental pro se brief and find it to be without merit. There being no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

circumstances. be harmless constitutional error. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340; Carey v. State, supra. In the instant case, appellant's confession admitted his guilt. The evidence against him was overwhelming. No severance was requested, and the appellant failed to object to the introduction of Robbins' confession on confrontation grounds. Robbins, the co-defendant, testified at the guilt stage. and was subject to cross-examination. Under such circumstances, the Bruton error is not of such significance as to deprive appellant of a fair trial, and we hold same to be harmless error. Carey v. State, supra. Cf. Evans v. State, Tex.Cr. App., 500 S.W.2d 846; Hearne v. State, Tex.Cr.App., 500 S.W.2d 851.