Melvin Eugene THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51013.

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

James P. Finstrom (Court appointed), Dallas, for appellant.

Henry M. Wade, Dist. Atty., Gary Love, Donald J. Driscoll and Billy Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense was robbery by firearms; punishment was assessed at eleven years.

■ In the first ground of error, appellant contends the trial court erred, under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), in admitting into evidence a co-defendant's confession that implicated the appellant.

We do not agree. *Bruton v. United States,* supra, stands for the proposition that it is a violation of a defendant's Sixth Amendment right of confrontation to introduce into evidence a co-defendant's confession inculpating the defendant, provided that the co-defendant does not testify at trial. If, however, the co-defendant does testify, then he is available for cross-examination and there is no denial of the right of confrontation. As the United States Supreme Court has held:

> "[W]here a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."

*Nelson v. O'Neil,* 402 U.S. 622, 630, 91 S.Ct. 1723, 1727, 29 L.Ed.2d 222 (1971). This is precisely what happened in the instant case.

No error of constitutional import occurred by introduction of the co-defendant's confession into evidence.

■ Moreover, no violation of our evidentiary law concerning hearsay occurred. The confession was introduced into evidence by the State after the co-defendant who allegedly made the statements therein had testified favorably to appellant and contradictory to the confession. The trial court instructed the jury that the confession, even if found by the jury to be voluntary, was not to be considered as evidence of guilt of any of the co-defendants except the maker thereof. It was not error to admit the confession into evidence, and the ground of error is overruled.

■ In the second ground of error, appellant contends the trial court erred in stating to the jury, immediately after having charged them upon the law of assault and battery, that "I bet I have read that a hundred times and I still don't know what it means, but it's a statute so I cherish it." The record reflects no objection to the trial court's comment. Nothing is presented for review. The ground of error is overruled.

The judgment is affirmed.

ONION, Presiding Judge (concurring).

I concur in the result reached by the majority but do not believe the majority has made clear just what transpired in this joint trial of the appellant along with Chester Jackson and Kenneth Ray Price.

Initially, appellant contends the court erred in admitting into evidence at the joint trial the confession of Chester Jackson which implicated him. Reliance is had upon *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

In *Bruton* the Supreme Court, overruling *Delli Paoli v. United States,* 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), held that despite instructions to the jury to disregard the implicating statements in determining the co-defendant's guilt or innocence, ad-

mission at a joint trial of a defendant's extrajudicial confession implicating the co-defendant violated the co-defendant's right of cross-examination secured by the confrontation clause of the Sixth Amendment.

Subsequently in *Roberts v. Russell*, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), it was held that *Bruton* was applicable to the states by virtue of the Fourteenth Amendment and was to be applied retroactively. The Supreme Court has had occasion to further discuss *Bruton* errors. See, e. g., *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Nelson v. O'Neil*, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). Likewise, this court has had occasion to consider *Bruton*-type errors. See, e. g., *Carey v. State*, 455 S.W.2d 217 (Tex.Cr.App.1970); *Evans v. State*, 500 S.W.2d 846 (Tex.Cr.App.1973); *Hearne v. State*, 500 S.W.2d 851 (Tex.Cr.App.1973); *Moore v. State*, 504 S.W.2d 904 (Tex.Cr.App.1974) (footnote # 1); *Ex parte Smith*, 513 S.W.2d 839 (Tex.Cr.App.1974); *Lewis v. State*, 521 S.W.2d 609 (Tex.Cr.App.1975). Cf. *Griffin v. State*, 486 S.W.2d 948 (Tex.Cr.App.1972).

In the instant case we have a little different fact situation than in any of the above cited cases.

During the State's case in chief, no effort was made to offer the confession of the co-defendant Jackson. After the State rested its case, Jackson took the stand in his own behalf. He denied the robbery, and contended he only shot the store clerk in self-defense and testified favorably as to the appellant exculpating him of any wrongdoing. On direct examination, he related he had given a statement to the police. On cross-examination, he identified his signature on State's Exhibit # 15 and admitted making a statement, but when he denied his rights had been explained to him prior to the statement, the State called the detective to whom the statement had been given and in the absence of the jury the voluntariness and admissibility of the confession were established. Thereafter in the jury's presence the State sought to impeach Jackson by asking him about certain statements in the confession which were contradictory of his earlier testimony. The confession itself was not introduced and none of the questions asked for the purpose of impeachment implicated the appellant. Jackson was cross-examined by the appellant and testified again appellant was not guilty of any offense. Subsequently the detective was recalled in the presence of the jury and identified certain statements in the confession as being made by Jackson. Here again, none of the questions asked showed that the confession implicated the appellant. The court charged that such evidence (concerning questions about certain statements) was limited to the purpose of impeachment and was not to be considered as evidence of the appellant's guilt.

Since Jackson's confession which implicated the appellant was never introduced into evidence and the questions asked about the confession and the answers given (for the purpose of impeaching Jackson) did not implicate the appellant[1] and since Jackson testified and was cross-examined by the appellant, giving testimony favorable to the appellant, there is no *Bruton* error involved for the appellant has not been denied any "confrontation and cross-examination" rights protected by the Sixth and Fourteenth Amendments which *Bruton* was designed to protect.

While the co-defendant took the stand in *Nelson v. O'Neil*, supra, its facts are not precisely like what happened in the instant case as contended by the majority. There, in a California trial (apparently in the State's case in chief), the prosecution of-

---

1. It is observed that in *Griffin v. State*, 486 S.W.2d 948 (Tex.Cr.App.1972), it was held that there was no *Bruton* error where all references to the defendant in the co-defendant's confession were deleted before such confession was introduced into evidence.

fered the testimony of a police officer in a joint trial that the co-defendant Runnels had made an unsworn oral statement admitting the crimes and implicating O'Neil in the offense. It would appear that at this point the *Bruton* error was injected into the case, despite the fact that the court instructed the jury the statement could only be considered against Runnels and not against O'Neil. However, later Runnels took the stand in his defense and on direct examination denied making the statement and contended the substance of the statement imputed to him was false. He was vigorously cross-examined by the prosecutor, but stuck to his version in every particular. He was not cross-examined by O'Neil, although O'Neil was free to do so. Later, O'Neil took the stand and gave an identical version of the events of the night in question.

Without discussing the fact that the introduction of Runnels' confession in the State's case in chief would have been a *Bruton* error had not Runnels subsequently testified, the Supreme Court concluded under all the circumstances there was no violation of the Constitution. The court concluded that where a co-defendant takes the stand in his own defense and denies making an extrajudicial confession implicating the defendant and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights under the Sixth and Fourteenth Amendments.

While the same principle is here involved, the facts in the instant case are different and present a stronger case for the lack of a *Bruton* error. In the instant case the confession of the co-defendant was not offered or used in the State's case in chief, but only after Jackson had testified. Jackson did not deny making the statement, but claimed certain statements therein have been inserted by the officer taking the confession. The confession, which did implicate the appellant, was not introduced into evidence. Portions of it were used only in an attempt to impeach Jackson and the questions and answers given in the impeachment attempt did not implicate the appellant. Jackson was cross-examined by the appellant and gave favorable testimony to him. The court gave a limiting instruction as to the impeachment testimony.

For the reasons stated, I concur.