**Felix RICONDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00033–CR.**

Court of Appeals of Texas, San Antonio.

April 13, 1983.

Thomas S. Rocha, Jr., San Antonio, for appellant.

Anton Paul Hajek, III, Asst. Dist. Atty., San Antonio, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from a conviction for murder.

In the early morning hours of September 17, 1977, the body of Hugo Saenz was found hanging from a shower stall in the Bexar County Jail. His cause of death was found to have been manual and ligatur strangulation. Five inmates of the jail were charged with the murder, including appellant, who was indicted as a habitual. The appellant was tried by a jury separately from the co-indictees. One of the other defendants had entered a plea of guilty, and another had been tried and found guilty prior to the appellant's trial. The jury found the appellant guilty. Only one enhancement allegation was presented for punishment; the jury found it true and assessed punishment at sixty-five (65) years.

The State's theory of the case was that the deceased, Saenz, was murdered at the request of one Robert Riojas, who was not an inmate of the jail at the time. Saenz had murdered Riojas's sister, Connie Zuniga. The killers were to be rewarded by Riojas with either money or heroin. The State was not able to prove Riojas's connection by direct evidence. They did establish that the deceased had murdered Riojas's sister, that Riojas had visited two of the defendants in jail before the homicide, and left each of them $20.00. Two eyewitnesses testified that all five defendants acted together in the killing. After the killing, the eyewitnesses were warned by two of the participants to say nothing, and they were offered heroin in the jail.

■ In his brief and supplemental brief, appellant brings a total of twenty-one (21) grounds of error. Appellant's ground of error number one and supplemental ground of error number two complain of a question asked by the prosecutor while the appellant was on the stand. He asserts error when the State cross-examined him as to why he remained silent while in custody. *See Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). The question asked was why the appellant had not made a statement about his involvement in the crime charged when he appeared before a magistrate at a bond hearing. Where a defendant takes the stand, he is treated in every respect as any other witness except where some statute forbids certain matters to be used against him, such as his failure to testify at a former hearing. *Franklin v. State,* 606 S.W.2d 818, 825 (Tex.Cr.App. 1978), Tex.Code Crim.Proc.Ann. art. 38.08 (Vernon 1979). In the case at bar, while testifying in his own behalf in response to questions by his attorney, appellant specifically complained of a prior lack of opportunity to tell his version of how the offense occurred. The jury had already heard that numerous inmates were transported from the jail to the sheriff's office for interrogation about the homicide. With this background, the appellant then testified,

> Nobody has asked me what happened up there, nobody except my wife and (my attorney) . . . this is when I started writing letters to the sheriff . . . I put in the letter that I wanted to talk to them, that I had not done anything wrong and that I was innocent and I wanted to talk to them . . . nobody even came to speak to me . . . they put me in there without asking me what I knew about it.

The appellant created the impression before the jury that he had had no opportunity to broadcast his innocence to any official. No litigant should expect to make such accusations free from the effective challenge of cross-examination. The prosecutor asked the question, "Let me ask what prevented you, if it were the truth, from standing there, and telling Judge Esquivel you didn't have anything to do with it and it was

Tellez and Villarreal?" We know the purpose of a hearing before a magistrate and we know that the accused is there advised of his right to remain silent, but the jury does not. Tex.Code Crim.Proc.Ann. art. 15.17 (Vernon Supp.1982–1983). The appellant opened up this area of inquiry, and he cannot be heard to complain of the State's action in further probing the area on cross-examination. *Hartman v. State,* 507 S.W.2d 553, 556 (Tex.Cr.App.1974); *Hunter v. State,* 468 S.W.2d 96, 100 (Tex.Cr.App. 1971). Appellant's ground of error number one and supplemental ground of error number two are overruled.

■ Closely related is supplemental ground of error number three which complains of the prosecutor asking the appellant the following question: "Did you ever request to go before the Bexar County Grand Jury when your case was being considered, so you could tell them you didn't have anything to do with this case?" To this question appellant's attorney interposed the following objection: "I will object to anything—whether he requested or didn't request to go before the Grand Jury is a thing of the past and it has absolutely nothing to do with this case." A general objection that fails to inform the trial court of the basis of the complaint does not preserve error. *Gutierrez v. State,* 628 S.W.2d 57, 62 (Tex.Cr.App.1980). This objection was too general. *Carr v. State,* 600 S.W.2d 816, 817 (Tex.Cr.App.1980).

■ Appellant claims for the first time on appeal that this question was a violation of appellant's right to remain silent and his privilege against self-incrimination. Grounds of error on appeal must comport with an objection by counsel at trial, otherwise nothing is presented for review. *Milligan v. State,* 554 S.W.2d 192, 195 (Tex.Cr. App.1977). For the reasons stated and for the further reason that appellant invited the inquiry by his direct testimony, supplemental ground of error number three is overruled.

■ Appellant's supplemental ground of error number four contends that the trial

court erred in permitting Lieutenant Carreon of the Bexar County Sheriff's Department to testify that appellant elected to remain silent when questioned about the murder. The testimony was that following the homicide, all inmates in that section of the jail were brought to the sheriff's office for questioning. On direct examination appellant stated that he had never been brought over for questioning. On cross-examination the appellant specifically denied ever talking to Lieutenant Carreon. The State was clearly entitled to prove that the interview had taken place, and appellant is in no position to complain of evidence he himself developed. *Bosley v. State,* 414 S.W.2d 468, 472 (Tex.Cr.App.1967); *Garza v. State,* 397 S.W.2d 847, 849 (Tex.Cr.App. 1965). The trial judge permitted the State to prove that there was an interview but not the subject matter of the interview. The Court sustained all objections to questions attempting to elicit anything that the appellant might have said during the interview. The jury was at no time informed that the appellant refused to talk, if he so did. No error is shown, and appellant's supplemental ground of error number four is overruled.

Appellant's seventh, eighth and ninth grounds of error maintain that the trial court erred in refusing to permit him to show, through a custodian of jail records, the dates and reasons why the deceased was moved from floor-to-floor in the jail. Following the State's objections of relevancy and hearsay, appellant was permitted to develop testimony, in the absence of the jury, that the deceased had been moved from one jail floor to another eight times for various reasons. Testimony did not include the necessary predicate for any exception to the hearsay rule. The State's objection was again sustained.

The appellant's theory of defense was that others had killed the deceased, and though present, the appellant did not participate. The excluded evidence had no bearing on any issue in the case. It did not refute any evidence offered by the State, nor would it have aided the appellant's theory of defense. Whether evidence is relevant to any issue in a case lies within the sound discretion of the trial court and should not be disturbed unless a clear abuse of that discretion is shown. *Williams v. State,* 535 S.W.2d 637, 640 (Tex.Cr.App. 1976). Grounds of error seven, eight and nine are overruled.

Grounds of error ten and eleven complain of the prosecutor asking the defense witness, Johnny Salinas, if Robert Riojas was his heroin connection and if Robert Riojas had paid him to kill the deceased. Salinas admitted that he had already entered a plea of guilty to participating in the murder of Saenz. He admitted that he was a heroin addict, that he had sold heroin and had been convicted several times for narcotic related offenses. He further admitted that Riojas had visited him twice since he had been in jail. The prosecution may always offer evidence to show motive, because it is relevant as a circumstance tending to prove the commission of an offense. To be admissible, however, the evidence must fairly tend to raise an inference in favor of the existence of the motive. *Bush v. State,* 628 S.W.2d 441, 444 (Tex.Cr.App. 1982); *Porter v. State,* 623 S.W.2d 374, 385 (Tex.Cr.App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491. Where all the co-indictees who testified admitted that they were narcotic addicts, and several witnesses testified to the presence of heroin in the jail, it was permissible for the State to ask the witness, Salinas, if his motive for participating in the killing was to avenge Riojas and to obtain heroin. *Riley v. State,* 168 Tex.Cr.R. 417, 328 S.W.2d 306, 307 (1959). Appellant suggests that the questions of the prosecutor were in bad faith and should not have been permitted. The subject matter of the questions was relevant and admissible on the issue of motive. Facts in the record give basis for the questions and demonstrate no bad faith on the part of the questioner. *Hartman, supra.* Grounds of error numbers ten and eleven are overruled.

Appellant's supplemental ground of error number five alleges that the trial

court erred in admitting evidence of an extraneous offense. The prosecution was permitted to ask the defense witness, Salinas, if he had been arrested with the appellant for possession of an ounce of heroin. Normally, the State cannot impeach a defense witness by proof of a pending charge or commission of an extraneous offense, as it would have no bearing on his motive to testify for the accused. Tex.Code Crim.Proc.Ann. art. 38.-29 (Vernon 1979). In limited circumstances, proof of charges pending against a witness may become admissible upon a showing that such evidence tends to establish interest, bias, or motive for the witness to testify as he has. *Murphy v. State,* 587 S.W.2d 718, 722 (Tex.Cr.App.1979). Evidence that the witness had been involved with the appellant in prior narcotic activities would certainly be useful to the jurors in assessing any bias, interest or motive the witness might have had to testify favorably for the appellant. Salinas had already testified that he had previously been convicted of possession of heroin and that he and the appellant had been in a narcotic treatment program together. In the light of that evidence, it is difficult to see how permitting the particular question to be asked harmed the defendant in any way. Trial courts have considerable discretion as to how and when bias of a witness may be proved, and as to what collateral evidence is material for that purpose. *Rovinsky v. State,* 605 S.W.2d 578, 580 (Tex.Cr.App. 1980); *Cloud v. State,* 567 S.W.2d 801, 802 (Tex.Cr.App.1978). The appellant later gave an explanation of his involvement in the particular arrest without objection. Where a defendant offers the same testimony as that objected to or the same evidence is later introduced without objection, the defendant is not in a position to complain on appeal. *Womble v. State,* 618 S.W.2d 59, 62 (Tex.Cr.App.1981).

Appellant additionally contends that no curative instruction was given by the court. The appellant did not request an instruction at the time of the testimony. Neither did he submit a requested instruction to be included in the Court's charge or object in any way to the charge submitted; there-

fore, the question raised is not before us for review. *Hill v. State,* 466 S.W.2d 791, 794 (Tex.Cr.App.1971). Supplemental ground of error number five is overruled.

Appellant's supplemental ground of error number six complains of the admission into evidence of a judicial confession of the co-defendant Salinas. Salinas was called as a witness for appellant. He testified that he had participated in the homicide, but appellant "was just sitting there." He admitted that he had previously entered a plea of guilty to the same offense for which the appellant was on trial. On cross-examination he was asked if he signed a statement at the time of his plea of guilty saying how the crime took place and if he read the part that was a judicial confession implicating the appellant. He admitted signing the papers but denied reading them and swearing to their truth before the clerk. On rebuttal, the State offered the judicial confession, the certificate of Salinas's attorney that the confession had been read to him, and the testimony of the clerk that Salinas swore he had read it or had it explained to him. The only pertinent objection was: "Judge, I'm objecting to anything having to do with the plea of guilty of Johnny Salinas in this case." No limiting instructions were ever requested from the Court.

Appellant relies on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *Evans v. State,* 500 S.W.2d 846 (Tex.Cr.App.1973). *Bruton* stands for the proposition that it is a violation of defendant's Sixth Amendment right to confrontation to introduce into evidence a *nontestifying* co-defendant's confession inculpating the defendant. The rule in *Evans* is if a co-defendant's confession has been admitted in evidence, the trial court is required on *proper request,* to limit in his charge the purpose of the confession to apply only to the guilt of the confessor. Where a co-defendant takes the stand and testifies favorably for a defendant and denies the alleged prior statement implicating the defendant, no Sixth Amendment rights are violated. *Nelson v. O'Neil,* 402 U.S. 622, 630, 91 S.Ct. 1723, 1727, 29 L.Ed.2d 222

(1971); *Thomas v. State,* 533 S.W.2d 796, 797 (Tex.Cr.App.1976). It would appear even stronger in a situation, such as the case at bar, where the defendant on trial calls a co-defendant (not on trial) as a witness in his own behalf.

■ Here the appellant made at best a general objection to the prior judicial confession. He did not object to the Court's charge or make any special request for limiting instructions. Any error is waived. *See* Tex.Code Crim.Proc. arts. 36.14, 36.15 (Vernon Supp.1982–1983); *Manry v. State,* 621 S.W.2d 619, 623 (Tex.Cr.App.1981). Appellant's sixth supplemental ground of error is overruled.

In appellant's supplemental point of error number one he maintains that the trial judge should have referred a motion to recuse himself to the presiding judge of the administrative judicial district under the provisions of Tex.Rev.Civ.Stat.Ann. art. 200a, § 6 (Vernon Supp.1982–1983).[1]

■ On the day the case was set for trial the appellant filed a pro se motion for the judge to disqualify or recuse himself, alleging that the judge was prejudiced against the appellant by virtue of a remark he had made, unrelated to the case, with respect to the appellant's treatment in jail. The motion asked that the appellant be granted "a change of court or assign another judge for this trial." The only references to the disqualification of a judge in the Code of Criminal Procedure are found in articles 30.01 and 30.02.[2] Tex.Code Crim. Proc.Ann. arts. 30.01 and 30.02 (Vernon 1966). We note that the applicable criminal statutes explain how a replacement judge is to be obtained through article 200a, *supra,* whenever a judge is disqualified. The criminal procedure statutes do not require that a determination of disqualification be made by another judge. Appellant apparently contends that his conviction should be reversed because the trial court did not request another judge to rule on the "motion for judge to disqualify or recuse himself." Appellant misreads the applicable statutes.

No criminal case has ever been reversed for noncompliance with article 200a, *supra.* In *Lee v. State,* 555 S.W.2d 121 (Tex.Cr. App.1977), the Court of Criminal Appeals reversed a conviction where they found the trial judge had been of counsel for the State and was therefore disqualified to try the case. The issue was raised by a motion to disqualify filed with the trial judge. The defendant in *Lee* was tried before the 1977 amendment to article 200a, but while article 30.01 and article 30.02 of the Code of Criminal Procedure contained their present language. The Court of Criminal Appeals made no mention of any need to have another judge pass on the motion; they merely felt he had made the wrong ruling. *Id.* at 125. In *McLeod v. Harris,* 582 S.W.2d 772 (Tex.1979), the Texas Supreme Court held in a mandamus action, that the language in article 200a, section 6, is mandatory in civil cases. This holding has been followed in

1. Article 200a. Duties of Judges.
   Section 6.
   ... A district judge shall request the Presiding Judge to assign a judge of the Administrative District to hear any motions to recuse such district judge from a case pending in his court.... The Presiding Judge of one Administrative District may call upon the Presiding Judge of another Administrative District to furnish judges to aid in the disposition of litigation pending in any judicial district within the Administrative District and which such judge so making the request has been designated as the Presiding Judge.... eff. Aug. 29, 1977.

2. Article 30.01. Cause Which Disqualify.
   No judge or justice of the peace shall sit in any case where he may be the party injured, or where he has been of counsel for the State or the accused, or where the accused or the party injured may be connected with him by consanguinity or affinity within the third degree.
   Article 30.02. District Judge Disqualified.
   Whenever any case is pending in which the district judge or criminal district judge is disqualified from trying the case, no change of venue shall be made necessary thereby; but the judge presiding shall certify that fact to the presiding judge of the administrative judicial district in which the case is pending and the presiding judge of such administrative judicial district shall assign a judge to try such case in accordance with the provisions of Article 200a, V.A.C.S.

several civil cases, but not without questioning its soundness. *Manges v. Garcia,* 616 S.W.2d 380, 381 (Tex.Civ.App.—San Antonio 1981, no writ); *Robb v. Robb,* 605 S.W.2d 390, 391 (Tex.Civ.App.—El Paso 1980, no writ).

In *Limon v. State,* 632 S.W.2d 812 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd), the Court held, in a criminal case, that the trial court did not err in refusing to request the appointment of another district judge to hear the motion to recuse where the motion was not in writing and timely filed. We emphasize the Court of Criminal Appeals' refusal of discretionary review. It constitutes the only recent indication of the Court's feelings as to the need for the mandatory application of Tex.Rev.Civ.Stat.Ann. art. 200a, § 6 (Vernon Supp.1982–1983).

■ In our case, the motion is in writing; however, it was filed the day of trial and alleges none of the constitutional or statutory grounds contained in Tex. Const. art. V, § 11, or Tex.Code Crim.Proc.Ann. art. 30.01 (Vernon 1966). The Court of Criminal Appeals has held that the grounds of disqualification stated in the Texas Constitution and the Code of Criminal Procedure are exclusive. *Ex parte Largent,* 144 Tex.Cr.R. 592, 162 S.W.2d 419, 426 (1942) (on motion for rehearing). The motion contained no request that another judge rule on it, and the trial attorney made no request that the motion be referred to another judge for hearing, nor did the appellant offer proof of any allegations in the motion. We must conclude that the motion was a thinly disguised effort at delaying the trial. A bare allegation by a criminal defendant on the eve of trial that he feels the trial judge is prejudiced against him, should not effectuate an automatic continuance by necessitating the intervention of the presiding administrative judge and another district judge.[3] The language in *Cameron v. Greenhill,* 582 S.W.2d 775 (Tex.1979), where a motion was filed requesting that the judges of the Supreme Court recuse themselves, is pertinent here. "To hold that

merely naming a judge as a party would disqualify him would put power in the hands of litigants to frustrate our judicial system." *Id.* at 776. Appellant's supplemental ground of error number one is overruled.

■ Appellant's supplemental ground of error number seven asserts that he was denied a speedy trial. The offense occurred on or about September 17, 1977, when appellant was in custody on other charges. An arrest warrant for appellant on this murder charge was issued and executed on September 21, 1977, which would mark the commencement of the criminal action under Tex.Code Crim.Proc.Ann. art. 32A.02, § 2(a) (Vernon Supp.1982–1983). Appellant was indicted September 28, 1977, and the case was originally set for trial November 28, 1977. There were numerous resettings of the case until the final setting of October 2, 1978. The record is generally silent as to the reasons for the resettings, but there is no suggestion that any was the result of prosecutorial delay. A motion for continuance was filed by appellant June 26, 1978, asking for additional time to prepare for trial, secure material witnesses, and review the record in the trial of co-defendant Eddie Rivera. A second motion was filed on July 12, 1978, asking for a preparation of the record in the Rivera trial and asserting the necessity for reviewing that record prior to trial. On October 2, 1978, the date the case was set for trial, appellant filed a motion requesting the Court to "set aside the indictment herein because the State was not ready for trial on the merits herein within the statutory time limits prescribed by (article 32A.02)." The hearing on the motion consisted of the following:

THE COURT: ... what has he got, he has got a speedy trial motion?

MS. MARQUEZ: Yes, sir.

THE COURT: Well, okay. I am going to give you a trial, right now. That is overruled.

---

3. The adoption of Tex.R.Civ.P. 18a, effective January 1, 1981, now provides that a motion to recuse a district judge be filed ten days before trial.

Article 32A.02 of the Code of Criminal Procedure addresses itself to prosecutorial delay rather than the ability of a trial court to accord an accused a speedy trial. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Cr.App. 1979). Article 32A.02, § 3, *supra,* requires the accused to make the first move. Once the defendant files his motion, the State must declare its readiness for trial. *Barfield, supra* at 542. Though the record does not show an announcement of ready by the State, as soon as the judge finished ruling on the motions, the State *was* ready, and the trial began.

■■■ The appellant mentions for the first time in his supplemental brief the possibility of a violation of speedy trial rights guaranteed by the Sixth Amendment to the United States Constitution. Suffice to say, such a complaint requires a showing of prejudice resulting from the delay and a more timely assertion of the right than the appellant demonstrated here. *Phipps v. State,* 630 S.W.2d 942, 946 (Tex.Cr.App. 1982). Supplemental ground of error number seven is overruled.

■■■ Appellant's grounds of error two through six complain of various portions of the State's argument in its jury summation. The arguments complained of relate to the involvement of the appellant and his co-indictees with narcotic traffic, their extensive criminal record, and the theory of the State that the participants in the murder were to be rewarded by Riojas with money or heroin. It is well established that counsel may in argument draw from the facts in evidence, all inferences that are reasonable, fair and legitimate, and he will be afforded latitude without limitation in this respect so long as his argument is supported by the evidence and offered in good faith. *Griffin v. State,* 554 S.W.2d 688, 690 (Tex.Cr.App.1977). The record contains sufficient testimony to support the deductions and inferences drawn by the prosecutor. One portion of the argument was "that was their business and they would sell, they would sell their house and their family to get a shot of heroin." Though this argument was adequately supported by

the record where the appellant and the other defense witnesses admitted their connection with narcotics, the trial judge sustained the objection to the argument and quickly instructed the jury not to consider it for any purpose. Any error was cured by the instructions of the trial judge. *Livingston v. State,* 531 S.W.2d 821, 823 (Tex.Cr. App.1976). The argument, "Do you expect him to leave $20,000.00 there and say this is going to be in payment for a job they are going to do for me. They can collect the rest next week," which was objected to as being outside the record, was a fair answer to the argument of opposing counsel. *Dunbar v. State,* 551 S.W.2d 382, 384 (Tex.Cr. App.1977). Appellant's grounds of error two through six are overruled.

Appellant's ground of error number twelve is merely a grouping and reiteration of previously presented points of error. Ground of error number twelve is overruled.

■■■ Appellant's ground of error number thirteen refers to the admission into evidence of two "pen-packets" showing appellant's prior convictions without proper attestations as to the previous judgments and sentences. The precise certification was considered by the Court of Criminal Appeals in *Todd v. State,* 598 S.W.2d 286, 292 (Tex.Cr.App.1980), and approved. The reference in the attestation to "commitments" was held to include judgments and sentences. Further, the precise convictions covered by the exhibits were admitted to by appellant from the witness stand without objection. Where the same evidence or substantially the same evidence complained of on appeal is admitted before the jury without objection, error, if any, is waived and is not before the Court for review. *Salinas v. State,* 625 S.W.2d 397, 401 (Tex. Cr.App.1981); *Wood v. State,* 511 S.W.2d 37, 47 (Tex.Cr.App.1974). Ground of error number thirteen is overruled.

Appellant's supplemental ground of error number eight is a broad assertion of deprivation of his right to a fair trial and due process. No reference is made to that part of the ruling of the trial court, admission or

rejection of evidence, or other proceedings so that the point of objection can be clearly identified and understood by this Court. *See* Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp.1982–1983). No authorities are cited, and the brief argument does not assist in determining what point of objection is sought to be presented by this ground of error. Supplemental ground of error eight is overruled.

The judgment of conviction is affirmed.